### The State of Kansas v. Joe Wade.

#### No. 10358.

**New Trial**—*Defective Verdict.* It is not error to overrule a motion for a new trial based upon the single ground that the verdict does not contain the verb "find," but reads, "We, the jury —— the defendant guilty as charged in the information."

*Appeal from Wyandotte District Court.*

Joe Wade was convicted of robbery. He appeals. The facts are stated in the opinion.

*F. E.* and *J. A. Smith,* for appellant.

*F. B. Dawes,* attorney general, *Samuel C. Miller,* county attorney, and *I. F. Bradley,* for The State.

The opinion of the court was delivered by

Martin, C. J.: At June term, 1895, the defendant was tried upon information for robbery in the first degree, the charge being in substance that, on or about April 18, 1895, the defendant, feloniously, forcibly, and with violence, did make an assault upon one F. W. Harvy, and, by putting him in immediate fear of bodily injury, did, from his person, steal, take and carry away a certain pistol, of the value of $3, the same being the property of said F. W. Harvy. The body of the verdict returned by the jury was as follows: "We, the jury —— the defendant guilty as charged in the information." Motions for a new trial and in arrest of judgment respectively having been overruled, the defendant was sentenced to imprisonment in the penitentiary for a term of 10 years, and he prosecutes his appeal to reverse said judgment on the single ground that by reason of informality of the verdict, in not stating that the jury *found* the defendant guilty, a new trial should have been granted.

The court is of opinion, however, that the verdict is sufficient, notwithstanding this defect in form. It is true that in this state verdicts both in civil and criminal cases must be in writing, (¶ ¶ 4379, 5273, and 5306, Gen. Stat. 1889,) and when the verdict is informal in any respect it is the duty of court or counsel to call attention to the same, and to have the jury make the necessary correction before discharge and separation ; but where the defect is not detected and corrected at the time, the sufficiency of the verdict must depend upon whether the court can certainly say from it and the information what was the true intent and meaning of the jury. In the present case, it would seem that the meaning of the jury might be understood if the following part only had been returned, viz., " the defendant guilty as charged in the information." It is true that the verb " find " should have followed the word " jury," but since it was the duty of the jury to find a verdict, either of guilty or not guilty, it may well be taken as if the verb " find " had been supplied. In some states verdicts are amendable after the discharge of the jury. (Thomp. Trials, § 2642.) This practice does not obtain in Kansas, but if the court can determine with certainty, from the information and the verdict, the real intention of the jury, judgment may be pronounced upon it in the same manner as if amended.

The foregoing is not the view of the writer, who thinks that the verdict was not sufficient as against a motion for a new trial, and this position is supported by *Shaw v. The State*, 2 Tex. App. 487, where a verdict of the same character was set aside and a new trial granted, the statute of Texas governing the practice not being essentially different from our own. It is not best to permit courts to supply the operative

words in a verdict. If they may supply one word, why not several? By such process the verdict in this case might easily be changed to "We, the jury, *do not find* the defendant guilty"; or, "We, the jury, *find* the defendant *not* guilty." Before the discharge of the jury, their verdict ought itself to be so definite and certain as to manifest their will and intent, and where it does not, the writer thinks it should be set aside and a new trial granted, on motion of the defendant.

The judgment will be affirmed.