Submitted on briefs November 10, affirmed November 24, 1925.

# C. A. McLAUGHLIN v. JOSEPH N. HELGERSON
## ET AL.

### (241 Pac. 50.)

**Injunction—Equity will not Restrain Enforcement of Void Statute Unless Plaintiff's Civil or Property Rights Invaded.**

1. If the enforcement of a void statute will result in the invasion of plaintiff's property rights, equity will restrain the enforcement thereof in order that plaintiff may have a remedy as required by Constitution, Article I, Section 10, but, if the enforcement of a statute does not amount to an invasion of plaintiff's civil or property rights, equity will not interfere, for equity deals only with civil and property rights.

**Injunction—Complaint Alleging Nothing Amounting to Invasion of Plaintiff's Property Rights Held not to Require Equitable Intervention Restraining Enforcement of Statute as Being Unconstitutional.**

2. In suit to restrain enforcement of Section 8158, Or. L., as amended by Laws of 1925, page 173, requiring quantity of hops picked to be ascertained by weight only in face of penalty, a complaint which alleged nothing amounting to an invasion of plaintiff's property rights, but only injuries alleged were matters of expense such as would result from the enforcement of any criminal statute, did not present a situation requiring equitable intervention, and stated no cause of suit in equity for constitutionality of act could be successfully raised at law by first person arrested thereunder.

---

1. See 14 R. C. L. 434, 435.

2. Injunction against crimes and criminal prosecution, see note in 35 Am. St. Rep. 670.

Statutes—Sufficient if Title of Amending Act Refers to Special Sections of Act to be Amended Thereby, Without Indicating Subject Matter.

3. Under Constitution, Article IV, Section 20, it is sufficient if the title of an act amending a particular section of Code or other compilation of laws refers to special section to be amended, without indicating the subject matter of the section, and under such title any legislation is proper which could have been included in the original act.

Statutes — Title of Act and Amended Act. Held Sufficiently Comprehensive to Permit Legislation Providing, in Determining Laborers' Compensation, Quantity of Hops Picked Shall be Determined by Weight Only.

4. The title of original act (Section 8158, Or. L.), relative to regulating weights and measures, and providing a standard hop measure for picking purposes, and the title of the amending act (Laws of 1925, page 173), relating to standard measure of hops *held* sufficiently comprehensive to permit legislation prescribing that quantity of hops picked shall be determined by weight only for the purpose of determining compensation to be paid, and was not violative of Constitution, Article IV, Section 20.

Constitutional Law—Statute Requiring Quantity of Hops to be Determined by Weight in Fixing Compensation Held Valid Exercise of Police Power and not to Interfere With Freedom of Contract.

5. Section 8158, Or. L., as amended by Laws of 1925, page 173, requiring that quantity of hops picked shall be determined by weight for the purposes of determining compensation of pickers, *held* not to interfere with right and liberty of individual to contract under Fourteenth Amendment of Constitution, but a valid exercise of police power, inasmuch as raising hops is one of state's important industries, and manner of determining quantity for individual compensation of laborer was a matter of public concern and within legislative power of state to regulate.

Evidence—Matter of Common Knowledge That a Large Number of Employees are Compensated by Amount of Hops Harvested.

6. Matter of common knowledge that in harvesting hop crop a large number of employees are necessary who are compensated by amount of hops harvested or picked.

Constitutional Law—Whether Legislature Acted Wisely or not in Passage of Legislation is Matter Over Which Courts have No Control or Concern.

7. Whether legislature acted wisely or not in passage of legislation is matter over which courts have no control or concern.

---

3. Sufficiency of title of statute, see notes in 64 Am. St. Rep. 70.

Construction of constitutional provisions relative to titles of statutes, see notes in 1 Ann. Cas. 584; Ann. Cas. 1915A, 79. See, also, 25 R. C. L. 871.

7. See 6 R. C. L. 107.

Master and Servant — Statute Requiring Compensation of Hops Picked According to Weight Held not Arbitrary or Unreasonable.

8. Section 8158, Or. L., as amended by Laws of 1925, page 173, requiring quantity of hops picked to be determined by weight, for purposes of determining compensation of laborers, *held* not arbitrary or unreasonable.

Constitutional Law, 12 **C. J.**, p. 892, n. 87, p. 1200, n. 27, 30.
Equity, 21 **C. J.**, p. 154, n. 13.
Evidence, 23 **C. J.**, p. 63 n. 56.
Injunctions, 32 **C. J.**, p. 108, n. 52, p. 280, n. 60.
Statutes, 36 **Cyc.**, p. 1028, n. 23, p. 1045, n. 5, p. 1058, n. 67, p. 1059, n. 68.

From Polk: W. M. Rᴀᴍsᴀʏ, Judge.

In Banc.

Aꜰꜰɪʀᴍᴇᴅ.

For appellant there was a brief over the name of *Mr. Allen G. Carson* and *Mr. Wallace P. Carson.*

For respondents there was a brief over the names of *Mr. I. H. Van Winkle*, Attorney General, and *Mr. J. B. Hosford,* Assistant Attorney General.

RAND, J.—Plaintiff, the owner and operator of a hopyard in Polk County, Oregon, instituted this suit to restrain the defendants, as district attorney and sheriff of said county, from enforcing by threatened prosecutions of plaintiff the penal provisions of Section 8158, Or. L., as amended by Chapter 118, Laws of 1925. He bases his right to maintain the suit upon the alleged ground that the statute is unconstitutional and that its enforcement would injuriously affect, in respect to the matters alleged, the operation of plaintiff's business. As amended, this statute reads as follows:

8. Constitutionality of statutes relating to wages of employees, see note in 139 Am. St. Rep. 863.

Validity of statutes regulating weighing of minerals mined by employees by weight, see note in 11 Ann. Cas. 74.

"Sec. 8158.   The owner, lessee, manager or person in charge of any hopyard, where hops are being picked, shall cause said hops to be weighed in order to ascertain the quantity of hops picked.   It shall be unlawful for any owner, lessee, manager or person in charge of any hopyard, where hops are being picked, to use or employ any other or different method or manner in ascertaining the quantity of hops picked. The owner, lessee, manager or person in charge of any hopyard, where hops are being picked, shall be permitted to deduct as tare not more than three pounds to cover the weight of the sack.

"Section 2.   Any person or persons who violate any of the provisions of this act shall be deemed guilty of a misdemeanor and, on conviction thereof, shall be punished by a fine of not less than five dollars ($5) nor more than fifty dollars ($50), or imprisonment in the county jail for not less than five nor more than thirty days, or by both such fine and imprisonment."

This case is here upon an appeal from a decree which sustained a demurrer to the complaint and dismissed the suit.   The demurrer was sustained upon the ground that the complaint did not state facts sufficient to constitute a cause of suit and that the court had no jurisdiction of the subject matter of the suit.

1. If the statute were unconstitutional as alleged in the complaint and if its enforcement would result in an invasion of plaintiff's rights of property, then it is obvious that plaintiff would have no adequate remedy at law for such invasion of his property rights and a court of equity would have jurisdiction to restrain the enforcement thereof under the maxim, *ubi jus, ibi remedium,* which principle, that where there is a right, there is a remedy, has been incorporated in the organic act of this state by the provision that "every man shall have remedy by due course of law

for injury done him in his person, property or reputation.'' Art. I, § 10, Const. But it is equally obvious that [unless] the enforcement of this statute, even though unconstitutional, would not amount to an invasion of plaintiff's civil or property rights, then plaintiff would have an adequate remedy at law for the injury done him by the enforcement thereof and that a court of equity would have no jurisdiction to restrain the enforcement of such void statute, for, equity deals only with civil and property rights, and, unless the act complained of amounts to an invasion of one or the other of these, a court of equity has no jurisdiction to restrain any act whether done in the enforcement of an invalid statute or otherwise. This principle is so elementary and so well understood that it needs no citation to support it.

2. The allegations of the complaint of the injuries that would result to plaintiff from the enforcement of the act are too voluminous to be here recited. It is only necessary to say that these allegations contain every conceivable injury that might result to plaintiff from the enforcement of the act. The complaint is drawn with great care and great skill, but it alleges nothing that would amount to an invasion of the property rights of plaintiff, and, for that reason, the complaint did not state a cause of suit. The injuries complained of were matters of expense such as would result from the enforcement of any criminal statute and present no situation requiring equitable intervention. The question of the constitutionality of the act could, if the act was unconstitutional, be successfully raised by the first person arrested under it.

Plaintiff contends that neither the title of the 1925 amendatory act nor that of the original act was sufficient to comply with the requirements of Article

IV, Section 20, or the organic act which provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." The title of the amendatory act is as follows:

"An Act to amend section 8158, Or. L., relating to the standard measure of hops, and providing a penalty for the violation thereof."

The title of the original act, in part, reads as follows:

"An Act relating to weights and measures * * providing a standard size hop measure for picking purposes; providing a penalty," etc.

3. It is sufficient for the title of an act to amend a particular section of the Code or other compilation of laws, to specify the section to be amended without in any way indicating the subject matter of the section, and, under such a title, any legislation is proper which could have been included in the original act: *Ex parte Howe,* 26 Or. 181 (37 Pac. 536); *State* v. *Banfield,* 43 Or. 287 (72 Pac. 1093); *Murphy* v. *Salem,* 49 Or. 54 (87 Pac. 532); *Oregon Growers etc. Assn.* v. *Lentz,* 107 Or. 561, 579 (212 Pac. 811); *State* v. *Hawks,* 110 Or. 497, 508 (222 Pac. 1071).

4. The words contained in the title of the original act, "An Act relating to weights and measures," were sufficiently comprehensive to authorize the inclusion in the original act of the provisions of the statute now objected to, since these provisions were germane to the title of the original act. The fact that the language of the title "An act relating to weights and measures" is general in its terms is not, for that reason alone, objectionable. This title would have been sufficient if nothing else had been added to it. The other clause contained in the title of the original act "providing

a standard size hop measure for picking purposes''
does not limit the legislation which could lawfully
be enacted under it to a measurement by a standard
size hop measure only. Notwithstanding this provi-
sion in the title, the title was sufficiently comprehen-
sive to permit legislation prescribing, as is now pro-
vided for in the amended statute, that the quantity of
hops picked shall, for the purpose of ascertaining the
compensation to be paid therefor, be determined by
weight only.

5, 6. Plaintiff also contends that the statute de-
prives him of his liberty to contract in violation of
the Fourteenth Amendment of the federal Constitu-
tion. The right to make a contract in relation to
one's own business is a part of the liberty of the
individual protected by the Fourteenth Amendment of
the federal Constitution, and this includes the right to
purchase or sell labor. The statute under considera-
tion does not interfere with this freedom of contract,
for it permits any hop-grower to employ labor upon
any terms he pleases; but, if he sees fit to contract,
that the compensation for such labor shall be de-
termined by the quantity picked, then the statute pro-
vides that that quantity shall be ascertained by its
weight alone. The measure was reasonably designed
to prevent possible fraud or imposition, and, unless
objectionable upon other grounds, its enactment was
a valid exercise of the police power: Taylor, Due
Process of Law, § 269.

7, 8. The act itself is not unconstitutional. The
raising of hops is one of the important industries of
the state and it is a matter of common knowledge
that in the harvesting of the crop large numbers of
employees are necessary, and that they are compen-
sated for their labor not by the day but by the amount

or quantity individually harvested or picked. The method to be followed in determining the quantity for which individual compensation was to be made was therefore a matter of public concern and within the power of the state to regulate. Before the amendment, the statute required that payment should be made according to the cubic measurement of the amount of hops picked. By the amendment the method was changed to require compensation to be made according to the weight of the hops picked. It was within the power of the legislature to prescribe either method. Whether, in the choice of methods, the legislature acted wisely or otherwise is a matter of legislative discretion over which the courts of the state have neither control nor concern. The statute itself is not unreasonable or arbitrary, nor is it subject to any of the constitutional objections now urged by plaintiff.

For the reasons stated the demurrer was properly sustained and the decree must be and is affirmed.

AFFIRMED.