Argued at Pendleton October 25, affirmed November 16, rehearing denied December 14, 1926.

## STATE *v.* LEE KARPENTER.

(250 Pac. 633; 251 Pac. 307.)

Statutes—Title of Act Held Broad Enough to Cover Crime of Unlawful Possession of Liquor (Acts 1915, p. 150; Acts 1917, p. 46).

1. Title of Acts of 1915, page 150, or Acts of 1917, page 46, "Relating to Intoxicating Liquors," *held* broad enough to cover crime of unlawful possession of intoxicating liquor.

Criminal Law—Evidence Leading Up to Discovery of Cached Whisky Held Admissible, in Prosecution for Unlawful Possession.

2. Empty and partially filled bottles, corks and defendant's wet slippers, leading up to discovery of hidden whisky, and not being introduced to prove another crime, *held* admissible, in prosecution for unlawful possession.

Criminal Law.

3. That evidence, in prosecution for unlawful possession of liquor, leading up to discovery of cached whisky, was damaging, did not render it incompetent.

Criminal Law.

4. Instructions regarding value of testimony of one witness, containing incorrect statement of law, *held* properly refused, where court gave statutory instruction, which was all defendant was entitled to under the evidence.

Criminal Law.

5. Objection to verdict, not having been raised in lower court, and not being incorporated in bill of exceptions, will not be considered, on appeal.

ON PETITION FOR REHEARING.

Criminal Law—It is not Necessary to Save Exception and Incorporate in Bill of Exceptions if Objection to Verdict is That It is Insufficient to Support Judgment (Or. L., § 172).

6. If objection to verdict is to effect that it is insufficient to support judgment, it is not necessary to save an exception and incorporate matter in bill of exceptions under Section 172, Or. L.

Intoxicating Liquors—Verdict Finding Defendant Guilty of Possessing Intoxicating Liquors Held Sufficient.

7. Verdict finding defendant guilty of possessing intoxicating liquor *held* sufficient, though possession was not specifically found or stated to be unlawful.

Criminal Law—Verdict, Being Entitled to Liberal Construction, will be Sustained, Regardless of Form, if Jury's Intent is Clear.

8. Verdict being construed liberally, if intent of jury is clear, will be sustained, regardless of form.

Criminal Law—Omission of Word "Unlawful" from Verdict of Conviction for Possessing Liquor Being Merely Technical Error, It was Court's Duty to Affirm Conviction (Const., Art. VII, § 3c).

9. In view of all evidence in case involving prosecution for possessing intoxicating liquor, and defendant having been tried and convicted by two juries, it was court's duty to affirm conviction under Constitution, Article VII, Section 3c, providing that Supreme

---

4.  See 14 R. C. L. 800.
8.  See 27 R. C. L. 858.

Court should affirm judgment notwithstanding errors, if it was such as should be rendered; failure to specify "unlawful" possession of liquor being merely technical error not contributing to conviction.

Criminal Law, 16 C. J., p. 562, n. 7, p. 620, n. 63, 64, 65, p. 1008, n. 2 New, p. 1066, n. 89; 17 C. J., p. 62, n. 90, p. 137, n. 44, p. 1113, n. 17, 18; 17 C. J., p. 83, n. 98 New, p. 136, n. 38 New, p. 271, n. 38, p. 368, n. 5.
Intoxicating Liquors, 33 C. J., p. 753, n. 29, p. 754, n. 30, p. 796, n. 26, 28, 28 New.
Statutes, 36 Cyc., p. 1031, n. 32, p. 1051, n. 27.

From Harney: DALTON BIGGS, Judge.

In Banc.

The defendant was convicted in the Justice Court of the unlawful possession of intoxicating liquor, appealed to the Circuit Court and was again convicted. He appeals to this court assigning as errors the admission of any evidence, claiming that the crime of possession of intoxicating liquor is not included within the title of the Act of 1917, Chapter 40, or 1915, Chapter 141; the admission of improper testimony and refusal of the court to give certain requested instructions.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Pat H. Donegan.*

For respondent there was a brief and oral argument by *Mr. V. G. Cozad,* District Attorney.

COSHOW, J.—1. The title of the Act of 1915 begins with this clause: "Relating to Intoxicating Liquors." This is broad enough to cover the crime of unlawful possession of intoxicating liquor. The Act of 1917 is amendatory of the other act. The contention that the title does not embrace the subject of unlawful possession is ruled to the contrary by the opinion of Mr. Justice RAND in *McLaughlin* v. *Helgerson,* 116

Or. 310, 314 et seq. (241 Pac. 50), and cases therein cited. Although involving different enactments the principle involved in that and the instant case is the same. The identical points made by the defendant in this court are there considered and determined against the contention of defendant.

2, 3. The exhibits objected to consisted of a bottle containing a small quantity of intoxicating liquor, another bottle giving off a strong whisky odor, a lot of corks of different sizes, and a pasteboard box containing a number of empty flasks found while searching the dwelling of defendant with his permission and in his presence. Finding of these articles and defendant's wet slippers led to the discovery of the whisky cached near defendant's dwelling. The evidence objected to was material. The exhibits were not introduced for the purpose of proving another crime but as a part of plaintiff's case leading up to the discovery of the liquor for the possession of which defendant was arrested and convicted. The evidence objected to was damaging but is not for that reason incompetent.

4. Defendant requested two instructions neither of which was given by the court. At the oral argument defendant abandoned his contention as to one of said requested instructions. The other is in the following language:

"1. The uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted as proof of the fact. The rule, however, that uncontradicted testimony cannot be arbitrarily rejected, is subject to the fact that it is not inherently improbable. If there is anything in the testimony which makes it inherently improbable or affecting its accuracy contained in the witnesses' own statements, or appearing from a consideration of all the sur-

rounding circumstances, then in that case it is proper to disregard such testimony."

The first sentence in the requested instruction is contrary to law. The court gave the statutory instruction regarding the value of. the testimony of one witness. This was all defendant was entitled to under the evidence.

5. The objection made to the verdict was not raised to the court below and is not incorporated in the bill of exceptions. For that reason the assignment of error based upon an improper verdict is not considered. The judgment is affirmed.        AFFIRMED.

RAND, J., absent.

BURNETT, J., concurs in result.

---

Rehearing denied December 14, 1926.

ON PETITION FOR REHEARING.

(251 Pac. 307.)

For the petition, *Mr. Pat H. Donegan.*

*Contra, Mr. V. G. Cozad,* District Attorney.

6. Defendant has petitioned the court for rehearing alleging error on the part of this court in ruling that the "objection made to the verdict was not raised to the court below and is not incorporated in the bill of exceptions." If the objection to the verdict is to the effect that it is insufficient to support a judgment, it is not necessary to save an exception and incorporate the matter in the bill of exceptions: Or. L., § 172; *Chrudinsky* v. *Evans,* 85 Or. 548, 551 (167 Pac. 562).

The verdict is as follows:

"We, the trial jury, in the above entitled criminal action find the defendant guilty of possessing intoxicating liquor."

7, 8. The writer is of the opinion that the verdict is sufficient. The defendant complains because the word "unlawful" is not in the verdict. Verdicts are to be construed liberally and if the intent of the jury is clear will be sustained regardless of the form.

"The Language of the Verdict,—being that of 'lay people,' need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice. And all fair intendments will be made to support it. * *

"If the jury mean to convict the defendant of everything alleged, any expression of the idea, however brief, will be adequate. The full and orderly phrase is 'guilty in manner and form as charged against him in the indictment'; and it is practically to be chosen. But the single word 'guilty,' set in a proper connection, will suffice, as conveying the whole idea. In offences of different grades, it is sometimes said that this sort of expression means guilty of the highest grades; but as the highest includes all under it, guilty of the highest means guilty of all." Bishop's New Criminal Procedure, 869–871, § 1005a.

22 Ency. of Pleading and Practice, 955, 956, 960; *State* v. *Pugh,* 75 Kan. 792 (90 Pac. 242); *State* v. *Wade,* 56 Kan. 75 (42 Pac. 353). The jury found the defendant guilty. He could not have been guilty of the crime of possessing intoxicating liquor if he had a right to the liquor found in his possession.

9. But aside from all that the evidence is all before this court. According to the record, including the evi-

dence, it is the duty of the court to affirm the judgment of the defendant under Article VII, Section 3c, of the Constitution. The defendant was tried by two different juries and convicted by both. A careful consideration of the testimony leaves no doubt in our mind, much less a reasonable doubt, that he is guilty. The defective form of the verdict in nowise contributed to his conviction. The objection made to it is purely technical and does not justify a reversal. There is no claim or pretense that defendant had lawful possession. If he had possession at all, he had unlawful possession.

That part of the original opinion reading as follows: "The objection made to the verdict was not raised to the court below and is not incorporated in the bill of exceptions" is withdrawn because it is not a proper statement of the law.

Rehearing denied.        REHEARING DENIED.

RAND, J., absent.

BURNETT, J., concurs on the constitutional grounds mentioned.