Argued September 18, affirmed November 7, 1969,
petition for rehearing denied January 20, 1970.
Petition for review denied by Supreme Court
March 10, 1970

# STATE OF OREGON, *Respondent, v.*
# ANDREW MILLER, *Appellant.*

460 P. 2d 874

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas L. Gallagher,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Helen B. Kalil, Deputy District Attorney, Portland.

Before Schwab, Chief Judge, and Langtry, Foley and Fort, Judges.

LANGTRY, J.

Defendant was indicted for sodomy, under ORS 167.040, allegedly committed by him on another prisoner in Multnomah County jail.

In the first trial, for reasons not relevant here, a mistrial was declared. In this appeal, after conviction by a jury in the second trial, he raises several assignments of error, claiming a deprivation of his rights.

■ At two hearings held after the first and before the second trial, defendant demanded removal of court-appointed counsel and appointment of new counsel. No reason except lengthy generalizations about distrust of his lawyer was assigned for the request. Defendant was a difficult person for an attorney or a court to deal with. He constantly demanded concessions to which he was not entitled. For example, he repeatedly demanded subpoenas for the whole Grand Jury of Multnomah County to testify to things they had observed in the county jail which were irrelevant to his guilt or innocence of the charge in the indictment. He insisted upon handling part of the examination of witnesses and arguing the case to the jury. The judge and defendant's court-appointed counsel displayed commendable patience under the circumstances. When a defendant embarks upon such a course the results usually are unsatisfactory to him, but he has little legal cause for complaint. The exception is when something occurs in the proceedings that is a prejudicial violation of his rights. Examination of the record discloses no such prejudice.

ORS 133.625 provides that the court may substitute one appointed counsel for another "when the interests of justice require" it. In *State v. Davidson,*

88 Adv Sh 81, — Or —, 451 P2d 481 (1969), and *State v. Shelton,* 71 Wash2d 838, 431 P2d 201 (1967), the facts were similar to those here, and the refusal to allow change of appointed attorneys was upheld. We hold the court properly exercised its discretion in denying change-of-counsel requests.

■ The prosecutor in arguing inferences that he contended the jury could draw from facts in evidence repeatedly used terms such as "I believe" and "I think." Defendant assigns the failure of the court to grant him a mistrial therefor as error. No objection, except one, was made by or for defendant to such statements. If real prejudice results to a defendant from such statements, they may be cause for reversal, regardless of objection. But, where no objection is made they usually are not cause for reversal. Prejudice will result from such remarks when they imply something improper—for example that the prosecutor knows something not in evidence which is damning to the defendant. *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964); *State v. Blodgett,* 50 Or 329, 92 P 820 (1907); *State v. Moore,* 32 Or 65, 48 P 468 (1897); *Thompson v. United States,* 272 F2d 919 (5th Cir) cert den 362 US 940 (1960); *Schmidt v. United States,* 237 F2d 542 (8th Cir 1956); *Henderson v. United States,* 218 F2d 14, 50 ALR 2d 754 (6th Cir 1955).

Defendant relies upon *Berger v. United States,* 295 US 78, 55 S Ct 629, 79 L Ed 1314 (1935), where a conviction was reversed because of repeated similar remarks of the prosecutor. In that case, the court said that if the case against the defendant had been "strong," that is, the evidence of guilt "overwhelming," the conclusion on appeal might not have favored defendant. In the case at bar, the evidence we have

reviewed in the 564-page transcript can only be viewed as overwhelming against the defendant.

■ We have noted that one objection was made to the prosecutor's remarks in closing argument. At one point the prosecutor referred to newspaper stories, not in evidence, regarding jail conditions. He was immediately interrupted and corrected by the court, who said "What they read in the newspaper is not in evidence in this case." This remark, with corrective instructions later, adequately corrected this error. Further, the remark could be viewed as retaliatory to the defendant's own improper allusion to newspaper stories in his personal argument to the jury.

■ The prosecutor, continuing, said:

"I'm sorry, Your Honor.

"In any event, that activity was going on out at the Butte and there is only one way to stop it and that is to prosecute those who are believed to have been involved in it. Mr. Miller was caught red-handed and he has been prosecuted. That is pure and simple.

"The State is here. The State believes there is evidence. The Grand Jury believes there is evidence. I believe the evidence and that's —."

Defendant's counsel then and there moved for a mistrial. The court said:

"Well, first, personal comment of attorneys on the evidence is one of the rules of ethics that some lawyers once in a while forget and so do not make your personal comments.

"Your motion for a mistrial is denied."

As already noted, Miller, in his argument preceding the prosecution's rebuttal, improperly referred to certain newspaper stories which were not in evidence.

He did the same with reference to the grand jury. In *Wright v. United States,* 353 F2d 362 (9th Cir 1965), where similar remarks were made in response to defendant's argument, the court said they were "fair advocacy," and not cause for reversal. Defendant opened the subject by his own improper remarks about the grand jury and the newspapers. He cannot complain if the prosecutor answers him.

■ We call attention to the Oregon State Bar Rules of Professional Conduct, Rule 25:

> "A member of the state bar shall not assert in argument his personal beliefs concerning the merits of the pending cause."

Although violation of this Rule does not constitute reversible error here, it is still a breach of ethics.

■ Defendant asserts that it was error for the court to instruct that every witness is presumed to speak the truth because it infringes upon the defendant's presumption of innocence. The full statutory instruction, explaining how the presumption of truth may be overcome, was given. During the trial the defendant put on an extensive defense and called numerous witnesses. Consequently, this assignment is without merit. *State v. Smith,* 1 Or App 153, 458 P2d 687 (1969), Sup Ct *review denied* (1970); and *State v. Kessler,* 254 Or 124, 458 P2d 432 (1969).

■ Defendant contends that it was error for the court to refuse, while he was on the stand, defendant's request to lay before the jury his record of prior criminal convictions. The prosecutor introduced the record on cross-examination. Defendant claims that if he had been allowed his request it would have been clear to the jury he was not hiding his record. This reasoning

ignores the statute which is the basis for allowing evidence of prior criminal convictions. This statute, ORS 45.600, limits the purpose to impeachment. ORS 45.590 provides:

"The party producing a witness is not allowed to impeach his credit * * *."

This statute applies to parties as witnesses for themselves. The court's ruling was correct.

We have reviewed the record, and find no prejudicial error therein. Defendant had a fair trial.

Judgment affirmed.