Argued May 19, affirmed July 15, petition for rehearing denied
August 10, petition for review denied September 28, 1971

# STATE OF OREGON, *Respondent, v.*
# NATHAN HOWARD, JR., *Appellant.*

486 P2d 1301

*John A. Pickard,* Portland, argued the cause and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort* and Thornton, Judges.

THORNTON, J.

Defendant was convicted by jury trial of the crime of assault and robbery while armed, namely, with two pistols. ORS 163.280. He makes numerous assignments of error on appeal: That the "lineup" was illegally conducted; that testimony identifying the weapons was improper; that the court should not have stricken the phrase "not having a license or permit to carry said pistol" from the indictment; that defendant should have been permitted to testify as to his previous conviction on direct examination; that certain physical evidence of the alleged crime should not have been received; and that questions asked of the defendant by the prosecutor as to the criminal record of one of defendant's witnesses and whether defendant's alibi witnesses had in effect been suborned to perjury by defendant, were improper.

The victim was the owner of a Portland service station. On the morning of May 29, 1969, a man, later identified as defendant, came in, pointed two pistols at the service station owner, and demanded his money. The victim gave him the money from the cash register, plus his wallet. The robber then began to escort the victim to the restroom. At this juncture, however, the victim "split and ran around the corner," whereupon the robber fled the scene. The victim saw his assailant get into a yellow Mercury automobile and drive away. At that moment, coincidentally, a police car happened on the scene. The victim hastily flagged down the vehicle, informing the officers that the driver of the Mercury had just robbed him. The officers immediately gave pursuit, overtook and arrested defendant.

■ We have examined the testimony concerning de-

---

* Fort, J., did not participate in this decision.

fendant's arrest, interrogation and participation in a lineup as well as the court's in-camera hearing thereon, and find the same to be in compliance with law. *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967); *State v. Nunes,* 251 Or 49, 444 P2d 542 (1968). The victim testified he could have identified the defendant even without a lineup, recognizing his eyes.

■ The identification of the two pistols found in defendant's automobile, including the testimony concerning the test firing to establish their dangerous character, was proper.

■ The allegation of the indictment that defendant had no license to carry the weapon, although proper (*State v. Blacker,* 234 Or 131, 380 P2d 789 (1963)), was stricken from the indictment because no proof was offered in support thereof. No additional sentence was imposed on the basis of this allegation, and no harm to defendant resulted from the court's action.

■ The trial court did not err in refusing to allow defendant to testify concerning his previous criminal record on direct examination. ORS 45.590, 45.600; *State v. Miller,* 1 Or App 460, 460 P2d 874 (1969).

■ As to defendant's assertion of error in admitting in evidence certain clothing allegedly worn by defendant, because the victim and the police testified only that the clothing was "similar" to that worn by the assailant, this was not error. These items were admissible. *State v. Lanegan,* 192 Or 691, 236 P2d 438 (1951); *State v. Karpenter,* 120 Or 90, 250 P 633, 251 P 307 (1926). It is not necessary that an item of physical evidence be absolutely identified by each and every witness in order for it to be admissible. Defendant's objection really goes to the weight of the evidence,

which was for the jury. *State v. Carcerano,* 238 Or 208, 390 P2d 923 (1964), *cert denied* 380 US 923, 85 S Ct 921, 13 L Ed 2d 807 (1965).

■ Lastly, questions asked of the defendant by the prosecutor were within the bounds of permissible cross-examination in light of previous testimony and the direct conflict between the testimony of defendant's alibi witnesses and the state's witnesses. ORS 139.310; *State v. Lem Woon,* 57 Or 482, 107 P 974, 112 P 427 (1910).

Affirmed.