Argued June 28, affirmed August 1, reconsideration denied September 8, 1977, petition for review pending

STATE OF OREGON, *Respondent,*

*v.*

CHARLES EDWARD GILBERT, *Appellant.*

(Nos. C 76-09-13222, C 76-09-13223, C 76-08-11263, C 76-08-11264, CA 7555)

(Cases consolidated)

567 P2d 1030

Howard R. Lonergan, Portland, argued the cause and filed the brief for appellant.

Carol J. Molchior, certified law student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, Thornton, Judge, and Fort, Senior Judge.

FORT, S. J.

**FORT, S. J.**

Defendant was convicted upon consolidation of four indictments of four counts of burglary I, three counts of rape I, and one count of attempted rape I. He appeals from the resulting judgments and assigns three errors, emphasizing particularly the refusal of the trial judge to allow him, on direct examination of his own witness, to inquire whether that witness had been convicted of a crime. The state on cross-examination made such an inquiry.

ORS 45.590 provides in pertinent part:

> "The party producing a witness is not allowed to impeach his credit by evidence of bad character * * *."

In *State v. Miller,* 1 Or App 460, 460 P2d 874, Sup Ct *review denied* (1970), this court considered a similar contention and said:

> "Defendant contends that it was error for the court to refuse, while he was on the stand, defendant's request to lay before the jury his record of prior criminal convictions. The prosecutor introduced the record on cross-examination. Defendant claims that if he had been allowed his request it would have been clear to the jury he was not hiding his record. This reasoning ignores the statute which is the basis for allowing evidence of prior criminal convictions. The statute, ORS 45.600, [1] limits the purpose to impeachment. ORS 45.590 provides:
>
> > " 'The party producing a witness is not allowed to impeach his credit * * *.'
>
> "This statute applies to parties as witnesses for themselves. The court's ruling was correct." 1 Or App at 465-66.

To the same effect, *see State v. Howard,* 6 Or App 230, 233, 486 P2d 1301, Sup Ct *review denied* (1971).

---

[1] "A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime." ORS 45.600.

Defendant acknowledges the above authorities but asks us to overrule them, and suggests that such may have been the intention of the Supreme Court in *State v. Estlick,* 269 Or 75, 523 P2d 1029 (1974), a case which was concerned, we point out, with bias and intent, not bad character, as evidenced by prior conviction of crime. *See generally* 1 Underhill's Criminal Evidence 684, Impeachment of Own Witness § 231, n 1 (6th ed P. Herrick 1973); McCormick, Evidence 84, Character: Conviction of Crime § 43 (2d ed E. Cleary 1972). In *Estlick* the court said:

> "ORS 45.590 provides, in part: 'The party producing a witness is not allowed to impeach his credit by evidence of bad character * * *.' " 269 Or at 77.

As we read *Estlick* it establishes only that:

> "ORS 45.590 does not prohibit a party from impeaching a witness it has produced by a showing of bias or interest. * * *" 269 Or at 78.

In a footnote in *Estlick,* the court said:

> "In Oregon the use of criminal convictions in this setting raises a special question because of ORS 45.600, providing for impeachment of a witness for the adverse party by proof of conviction of a crime, and ORS 45.590, providing that one may not impeach one's own witness by evidence of bad character. The question of impeachment by prior criminal convictions was not raised on appeal in this case and so we need not and do not pass on it here. We intend to express no opinion on the correctness of *State v. Miller,* 1 Or App 460, 460 P2d 874 (1970)." 269 Or at 79, n 1.

■ Here the obvious purpose of the question[2] was to show at the beginning of the direct examination the previous bad character of the witness by reason of his

---

[2]
> "*DIRECT EXAMINATION*
>
> "BY MR. LONERGAN:
>
> "Q  Mr. Brewer, how long have you resided in Portland?
> "A  I came to Portland in '56.
>
> "Q  You do have a conviction for something to do with drugs, do you not?
> "MR. WITTMAYER: Objection, Your Honor."

conviction of a crime, and thereby to ameliorate the possible impact upon the jury when that fact was later brought out on cross-examination.

■ We think ORS 45.590 is clear and unambiguous. Nor do we find in *State v. Estlick, supra,* any language indicating an intent to nullify the statute. In our view that is the exclusive province of the legislature. We adhere to the rules as stated in *Miller* and *Howard* and reiterated in *Estlick.*

The remaining assignments of error do not warrant discussion.

Affirmed.

**SCHWAB, C. J.,** dissenting.

The majority concludes that the rule prohibiting a party from asking his own witnesses about prior convictions was "reiterated," 30 Or App at 301, in *State v. Estlick,* 269 Or 75, 523 P2d 1029 (1974). I dissent on the ground that I think the rationale, if not the holding, of *Estlick* amounts to a repudiation of the rule here followed by the majority.

In *Estlick* the court stated:

"* * * *We are persuaded by the reasoning of other courts which, in general, permit the state to offer, on direct examination, testimony relevant to the credibility of its witness.*

"* * * * *

"Chief Judge Lumbard in *United States v. Freeman,* 302 F2d 347, 350 (2d Cir 1962), cert den 375 US 958, 84 S Ct 448, 11 L Ed2d 316, stated:

" 'Of course it was proper for the government to bring out on direct examination the criminal record of its witness. *United States v. Murray,* 297 F2d 812 (2 Cir. 1962). Not to have done so would surely have subjected the prosecution to criticism. The matter of informing court and jury about information of such clear relevance as the criminal record of a witness called by the prosecution is not something which is to be reserved for the pleasure and strategy of the

defense. Whatever the rule may be with respect to the permissible limits for cross-examination of a witness or a defendant, * * * it is usually proper and desirable that the party calling a witness with a criminal record should elicit such information on direct examination.'

"The Supreme Court of Pennsylvania stated the reasoning:

" 'Defendant also complains of the District Attorney's bringing out the criminal past of his witnesses and of his cross-examining defendant about his own.

" 'We see no reason to nullify a prosecutor's manoeuvre in anticipating what he may be sure defense counsel will bring out. This is not impeaching counsel's own witness but rather the legitimate thrust and riposte of trial tactics.' *Commonwealth v. Garrison,* 398 Pa 47, 52, 157 A2d 75 (1959).

"Parties to a lawsuit must call witnesses who have knowledge of the facts, regardless of their bias or interest. If the party calling the witness is prohibited from eliciting testimony showing such bias or interest, the calling party is prejudiced. When the opposing party on cross-examination shows the bias or interest the jury might well believe the party calling the witness was concealing evidence adverse to the witness's credibility. *Such a practice would be unfair.* Accordingly, we hold that the trial court did not err in permitting the state to introduce on direct examination testimony of its witness's bias or interest.[2]

"* * * * *

> "[2] The same rule, of course, would apply if the defendant was the party introducing testimony on direct examination of the bias and interest of a defense witness." 269 Or at 79-81. (Emphasis supplied.)

As far as the degree of fairness or lack thereof, there is no reason to distinguish between impeachment by showing bias and impeachment by showing prior convictions. It is equally unfair to allow a party to object to his opponent introducing either form of "impeachment" on direct examination, then to elicit the same evidence on cross-examination, thereby attempting to create the impression in the jurors' minds that his opponent was withholding adverse evidence.

[ 302 ]

Nothing in Oregon's statutes on impeachment by prior convictions compels the conclusion that we here perpetuate a form of unfairness repudiated in *Estlick.*

I would hold that any party is entitled, at the beginning of direct examination of any witness, to ask whether the witness has previously been convicted of a crime. I would overrule *State v. Miller,* 1 Or App 460, 460 P2d 874, Sup Ct *review denied* (1970), and related cases. I would reverse and remand in this case. And, therefore, I respectfully dissent.