Argued January 10, affirmed May 2, 1978

STATE OF OREGON, *Respondent,*

*v.*

CHARLES EDWARD GILBERT, *Petitioner.*

(TC C76-08-11263, C76-08-11264, C76-09-13222, C76-09-13223, CA 7555, SC 25553)

577 P2d 939

Howard R. Lonergan, Portland, argued the cause and filed a brief for petitioner.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Carol J. Molchior, Certified Law Student.

LINDE, J.

**LINDE, J.**

ORS 45.590 forbids a party to impeach its own witness by evidence of his bad character. We granted review in this case to decide whether the statute precludes a party from having its witness on direct examination disclose the fact that the witness has been convicted of a crime. We hold that the statute does not preclude this disclosure when it is not introduced for the purpose of "impeachment," that is to say, to attack or discredit the witness and to attack the jury's belief in his or her testimony.

The issue is raised by a brief episode in defendant's trial for burglary and rape. Defendant called as a witness a Mr. Brewer, who had been defendant's employer during part of the period of the alleged crimes. In introducing this witness, defendant's counsel inquired if it was the case that he had been convicted of "something to do with drugs." The prosecutor successfully objected to the question, and the direct examination turned to other matters.

The prosecutor's cross-examination began as follows:

> Q  Mr. Brewer, have you ever been convicted of a crime?
> A  Yes, I have.
> MR. LONERGAN: I will object to that.
> THE COURT: Objection overruled.
> MR. LONERGAN: He stopped me from asking.
> THE COURT: Objection overruled, and you know the law as to who is entitled to bring this out.
> MR. LONERGAN: I disagree with that intermediate case.

The witness responded that about half a year earlier he had been convicted of "selling drugs or something." The cross-examination then turned to the substance of Brewer's testimony.

The "intermediate case" to which defendant's counsel referred was presumably *State v. Miller,* 1 Or App

460, 460 P2d 874 (1969), *review denied* (Or 1970). On appeal in the present case, the majority of the Court of Appeals reaffirmed its ruling in *Miller* that the party calling a witness (in that case, the defendant himself) may not introduce his prior criminal convictions. Chief Judge Schwab, dissenting, would have overruled *Miller,* 30 Or App 297, 301-303, 567 P2d 1030 (1977).

The precise question has not been decided by this court. The correctness of the interpretation given ORS 45.590 and 45.600 in *State v. Miller* was expressly reserved in *State v. Estlick,* 269 Or 75, 79 note 1, 523 P2d 1029 (1974). The question requires an examination of the statutes.

ORS 45.590 provides:

> The party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in ORS 45.610. However, when a party calls as a witness either an adverse party or the assignor, agent, officer or employe of an adverse party, he shall not be deemed to have vouched for the credit of that witness and he may impeach the credit of that witness in the same manner as in the case of a witness produced by an adverse party.

It is apparent on the face of the section that it deals with efforts that a party producing a witness might thereafter make to "impeach his credit," *i.e.,* to cast doubt upon his testimony. To "impeach," with respect to testimony, has been defined as meaning to "dispute, disparage, deny, or contradict." Black's Law Dictionary 886 (4th ed 1951), *quoted in State v. Van Hooser,* 11 Or App 146, 152 note 2, 501 P2d 78 (1972), *affirmed,* 266 Or 19, 511 P2d 359 (1973). That ORS 45.590 concerns such efforts to *discredit* unfavorable testimony given by a party's own witness is obvious from the provisions made in the section for contradicting the testimony and for "impeaching the credit" of a person called as an adverse witness in the first place. The old rule against impeaching one's own witness,

which has been in our code since 1862, has itself been criticized, see *State v. Estlick,* 269 Or at 77 and at 84 (Tongue, J., concurring) and sources cited, but that is not our concern here. Nor is the question, debated in *Estlick* and in subsequent decisions,[1] what evidence is proper for impeachment. In any event, except insofar as a party seeks to discredit the testimony of his own witness, ORS 45.590 says nothing about disclosing information that is discreditable to the witness.

Of course, defendant in this case was not seeking to dispute, disparage, or deny Brewer's testimony or induce the jury to disbelieve it. To the contrary, he wanted the jury to credit what Brewer said, and to do so after having Brewer introduced to them for who he was, without the "surprise" revelation, on cross-examination, that this witness presented to them without disclosure by defendant turns out "really" to be a sometime narcotics offender. Such an objective is not to impeach one's own witness. It is difficult to perceive any prejudice to the opposing party merely because it is deprived of the opportunity to produce the same revelation which it would not allow on direct examination, and ORS 45.590 is not authority for such an objection.

ORS 45.600 does not affect this straightforward meaning of ORS 45.590. ORS 45.600 concerns the manner in which a party may impeach a witness called *against* the party.[2] It prohibits doing so by evidence of

---

[1] *Smith v. Durant,* 271 Or 643, 534 P2d 955 (1975); *Marshall v. Martinson,* 268 Or 46, 518 P2d 1312 (1974). *See also* Lacy, *Oregon Evidence Law in the Sixties: Problems, Patterns, and Projections,* 49 Or L Rev 188, 196-198 (1970). Revision of this area of the law is receiving legislative attention. Bills were introduced during the last two legislative sessions, *see* HB 2280, 58th Or Legis Ass'y (1975); HB 2726, 59th Or Legis Ass'y (1977), and another proposal is presently being prepared by an advisory committee to the Law Improvement Committee.

[2] ORS 45.600:

A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by

particular wrongful acts, and the reference to showing that a witness has been convicted of a crime is merely an exception to this statutory prohibition. A brief sentence in *State v. Miller* suggested that any reference to prior conviction necessarily constitutes "impeachment" because ORS 45.600 limits such a reference to this purpose, *see* 1 Or App at 466, but that sentence is a non sequitur. There are reasons for the rule that a person's prior convictions may not be introduced against him except to impeach his testimony, *see State v. Manrique,* 271 Or 201, 531 P2d 239 (1975), but that rule is not found in ORS 45.600, nor does that section speak to a party's examination of its own witness.

■   In short, ORS 45.590 and 45.600 apply only when a party is seeking to impeach a witness, in the sense of discrediting his or her testimony in the eyes of the factfinder. They do not forbid a party to let its witness disclose a prior conviction as part of his background when this is not done for impeachment.

■   It remains to be examined whether the trial judge's ruling requires reversal of defendant's conviction. It is difficult to see how defendant was prejudiced by the ruling in this case. The witness Brewer was called only to testify that in late 1975 defendant worked nights in his restaurant, that defendant had been off work on the night when one of the crimes occurred, and that he looked the same then as at the time of the trial. Both the direct examination and cross-examination were brief, and after eliciting Brewer's admission of his prior conviction, the prosecutor did not pursue the matter nor make any particular effort to question Brewer's testimony. The closing arguments of counsel were not transcribed, and there is no claim that the prosecutor made any further reference to Brewer's

evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime.

testimony or to his credibility. On this record, we hold that the ruling to which defendant objects was harmless error.

Defendant also assigned as error the exclusion of evidence of police harassment of defendant, which was offered to show that the police had reason to plant defendant's fingerprint at the scene of the crime, and also the exclusion of testimony by black witnesses that they were often misidentified by white persons. On examination of the record we conclude that the trial court's rulings on defendant's offers of proof did not exceed the court's discretion.

Affirmed.