Argued January 4, affirmed January 17, 1968

STATE OF OREGON, *Respondent, v.*
PHILIP WESLEY RUSH,
*Appellant.*

436 P. 2d 266

*James H. Jordan,* Albany, argued the cause for appellant. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

*Courtney R. Johns,* District Attorney, Albany, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

The defendant was indicted, tried, and found guilty by a jury of the crime of assault. In his brief, he assigns as error the asking of alleged leading questions on direct examination of a prosecution witness by the district attorney, and alleged hearsay testimony to both of which no objection was made. This testimony was not prejudicial in character, so even if objection had been made, it would not have been error to receive the testimony. The only error urged by defendant on oral argument concerned testimony about a previous conviction allowed by the trial court on cross-examination of defendant by the district attorney. Defendant contends evidence of the crime of assault, not being by its nature a crime in which deceit is involved, had no probative value with reference to defendant's credibility as a witness and is prejudicial in that it would tend to cause the jury to believe the defendant was likely to have committed the assault charged in this prosecution.

In *State v. Bacon,* 13 Or 143, 9 P 393, 57 AR 8 (which was decided in January 1886), based upon the statute (then Deady & Lane's Gen Laws of Oregon 1864-1872, § 830), it was held:

"* * * that the credibility of a witness cannot be impeached on a cross-examination, by asking him whether he was ever arrested for a felony, or charged with some serious offense; but in such

case, the inquiry must be confined to the fact of a conviction * * *." 13 Or at 148.

Defendant argues that the discussion in *State v. Saunders,* 14 Or 300, 12 P 441, about cross-examination of a witness on a criminal collateral matter mentioned in his direct examination is contrary to the holding in *State v. Bacon,* supra, and that it supports the defendant's contentions in this case. Thus, the thrust of his contention is that it, being a later case, overruled *State v. Bacon.* The latter case was decided in December 1886, and Mr. Chief Justice LORD, who wrote the first opinion, wrote a concurring opinion in the second case. Neither of the opinions in the second case referred to the first case. Obviously, the Justices did not consider it to be in point. And it was not, for the collateral questions condemned in the second case were not about any previous conviction, but, rather questions such as: "Did you not kill a man in Texas before coming here?" 14 Or at 308. No question was asked as to a previous conviction of crime.

We find no inconsistency in the opinions in these cases.

Defendant urges *State v. Miller,* 43 Or 325, 74 P 658 (1903), and *State v. Bartmess,* 33 Or 110, 54 P 167 (1898), in support of his contention under this assignment of error, but each of those cases discussed the latitude the district attorney has in cross-examination about a subject opened up on direct examination. They do not construe or mention ORS 45.600, which is the same now as Gen Laws of Oregon § 830, supra, was in 1886.

From the time of the decision in *State v. Bacon,* supra, this court has consistently held that ORS 45.600 permits, as it clearly states, that "A witness may be

impeached by the party against whom he was called * * * by his examination or by the record of the judgment, that he has been convicted of a crime." Whatever the logic may be of arguing that no evidence should be received concerning conviction of a crime which would not by its nature be thought of as a basis for questioning credibility, the rule is nonetheless clearly established. *State v. Rollo,* 221 Or 428, 351 P2d 422 (1960); *State v. Wilson,* 182 Or 681, 189 P2d 403 (1948); *State v. Jordan,* 146 Or 504, 26 P2d 558, 30 P2d 751 (1934); *State v. Gilbert,* 138 Or 291, 4 P2d 923 (1931); *State v. Jensen,* 70 Or 156, 140 P 740 (1914) (In this case the previous crime was assault.); *State v. Deal,* 52 Or 568, 98 P 165 (1908); and *State v. Reyner,* 50 Or 224, 91 P 301 (1907).

■ The defendant appears in this case to be in no position to complain, in any event, for while he was voluntarily upon the witness stand in his own defense on direct examination, and before any questions were asked him by the district attorney, he made unresponsive answers to his attorney's questions about being in jail on a previous occasion. Thus, he was subject at least to some cross-examination about the circumstances thereof. ORS 45.570; *State v. Jordan,* supra; *State v. Bartmess,* supra; *State v. Miller,* supra; *State v. Jensen,* supra; and *State v. Wong Wen Teung,* 99 Or 95, 195 P 349 (1921).

Judgment is affirmed.