Argued June 21, affirmed July 29, petition for rehearing denied
August 24, petition for review denied October 5, 1971

STATE OF OREGON, *Respondent, v.* RONALD
WOODS, *Appellant.*

487 P2d 666

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted of larceny in a store in violation of ORS 164.320. On appeal he contends that it was error for the trial court to allow a police detective to testify as to the *modus operandi* of shoplifters.

Defendant and three others (two other men and a girl) entered a small store in Portland called Wig Diggins, apparently as customers, on February 20, 1970. They split up, each one going to a different area in the store. They were yelling at each other and pawing through the wigs. The clerk who was waiting on them was distracted by first one and then another. They were in the store just a few minutes when one of them said, "Well, let's go" and they all left quickly. Several wigs were missing from the store and the officer who stopped defendant's car a few minutes later saw a wig sticking out from under the front seat. He reached under the seat and pulled out six wigs.

Sergeant Schwartz of the Portland Police Department was called by the state and to qualify him as an expert witness he was asked:

"Q Sergeant, you are a police officer with the City of Portland, is that correct?

"A Yes, I am.

"Q You are in charge of the larceny division of the detective division?

"A Yes, I am.

"Q Would you give the jury a little of your background?

"A I have been a police officer for fifteen years, five years detective sergeant, I am in charge of larceny detail.

"Part of our duties are to handle, amongst other cases, all the shop lifting that occurs in the City of Portland. I process about one hundred fifty cases a month of shop lifting. Am required to read and evaluate the cases and lead the investigations of these cases.

"I instruct at Portland State University, I have a Bachelor of Science degree."

Over defendant's objection that such testimony invades the province of the jury, the court allowed Officer Schwartz to answer questions as follows:

"Q Sergeant, have you, in your educational background and practical studies and background, done any studying on the way shop lifting is done?

"A Yes, I have.

"Q Are there different techniques used when there is one person shop lifting versus more than one person shop lifting?

"* * * * *

"A Yes, there are, depending certainly on the size of the store or premises where the shop lifting was to take place.

"Q All right. Assuming that there is a small store, you know, the typical small shop with a limited number of clerks, would you tell the jury what the typical techniques used by shop lifters would be in attempting to shop lift from a store like that?

"A When you have multiple people involved in an operation like this type, especially where you

have high value, low bulk goods; several people will enter and more than one will attempt to distract the clerks, sometimes causing commotion, entering into an argument, any means of distracting the clerk while the other person actually accomplishes the theft—one or more persons accomplish the theft and then after it is accomplished, I have seen some very, very professional groups, not use any other signs other than hand signs to say we have done our act, let's get out. Or sometimes a verbal account that they are done and get out, they have done what they came for."

Defendant contends that the above testimony invades the province of the jury in that the matters testified to are within the range of common knowledge and hence do not require or even permit expert testimony, and that the allowance of the testimony permitted the expert witness to give his opinion that the defendant was guilty of shoplifting.

Defendant concedes that the general rule is that expert testimony is admissible in a criminal trial when the criminal means are not likely to be understood by the jury but urges that the present case involves only shoplifting and is within the understanding of jurors without expert testimony. He cites in support of his position an Annotation in 100 ALR2d 1433 (1965) which is entitled "Expert testimony as to modus operandi of criminals with respect to particular types of crimes." Examination of the authorities cited by defendant discloses that the case relied upon by him, *State v. Holt*, 128 NJL 599, 27 A2d 618 (1942), is listed under a section in the Annotation, p 1448, discussing a few cases which are contrary to the majority of cases and "of dubious value, if not completely overruled * * *." The case which was the subject for the Annotation, *People v. Clay*, 227 Cal App 2d 87, 38 Cal

Rptr 431, 100 ALR2d 1421 (1964), is much more in point than *State v. Holt* and supports the admissibility of expert testimony in the present case. In *Clay* the court held that the testimony of a police officer as to the *modus operandi* of till tapping was a proper subject of expert testimony since the subject matter was sufficiently beyond common experience, that the expert opinion would assist the jury in determining whether defendant's conduct, seemingly harmless in itself, was felonious under all the circumstances. In *Clay,* as in the present case, the defendant had accomplices in a store for the purpose of distracting the clerk. The scheme in *Clay* was to steal from the cash register. The court held expert testimony on *modus operandi* in such cases entirely proper, stating at 227 Cal App 2d 95:

> "It was the testimony of the inspector on the *modus operandi* of till tapping which threw a spotlight on the episode as a whole and thus enabled the jury to see the possibility of a relationship between the acts of the two men. This gave meaning to the evidence and permitted the jury to appreciate that defendant's activities while in themselves seemingly harmless, when considered with those of Davis, might well have been part of a cleverly planned and precisely executed scheme known as 'till tapping.' Thus the inspector's testimony clearly assisted the jury in determining whether or not defendant's conduct was felonious under all the circumstances."

Wigmore suggests the test as follows:

> "* * * But the only true criterion is: On *this subject* can a jury from *this person* receive appreciable help? * * *" 7 Wigmore, Evidence 21, § 1923 (3d ed 1940).

We think the testimony of Detective Schwartz was

of assistance to the jury in determining whether defendant's conduct, seemingly harmless in itself, might well have been part of a planned scheme to distract the store clerk while one or more of the defendant's partners was stealing wigs.

Defendant's objection that the expert, in effect, gave his opinion as to defendant's guilt, is without merit. Expert opinion is not objectionable on the ground that the opinion given is on the very issue before the trier of fact. *State v. Breen,* 250 Or 474, 479, 443 P2d 624 (1968). The testimony given by Detective Schwartz was proper.

Defendant's other assignment of error is also without merit. *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.