Argued January 21, affirmed February 5, reconsideration denied
March 6, petition for review denied April 30, 1974

## STATE OF OREGON, *Respondent, v.*
## DAVID PAUL SEGURA (No. 1110), *Appellant.*

519 P2d 100

*Charles Robinowitz,* Portland, argued the cause and filed the brief for appellant.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

The defendant was indicted for second degree assault and convicted after a jury trial of third degree assault. ORS 163.165. The prosecution evidence showed that in the early morning of January 14, 1973, the defendant, his two brothers and a friend attacked and severely beat two men as they were leaving a restaurant with their wives. The defense evidence purported to prove that the two men attacked the defendant and that the defendant's companions came to his aid.

The state offered evidence as part of its case-in-chief that three hours earlier the defendant had spontaneously assaulted a gas station attendant of his acquaintance. The trial court excluded the evidence, holding that its probative value as to state of mind was outweighed by its prejudicial effect. The trial court advised the parties, however, that it might be admissible as rebuttal evidence. After defendant presented his case, the evidence was offered again and admitted over objection. The jury was carefully instructed as to the limited consideration they should give such rebuttal evidence.

On appeal, defendant claims that the evidence of the prior assault was not admissible on any of the bases for which proof of other crimes sometimes is admitted. *Cf. State v. Fleischman*, 10 Or App 22, 495 P2d 277, *rev den* (1972); *State v. Long*, 195 Or 81, 244 P2d 1033 (1952).

It is not necessary to consider the admissibility

of the earlier assault in that context because it was relevant as rebuttal to the defendant's testimony. On direct examination, in describing his version of the altercation, the defendant testified:

"* * * I knew we were going to get in an argument there but I was going to stand up for myself, I wasn't going to stay there and take stuff like that, because usually I don't back away from stuff like that, and *I don't go out and look for it either.* * * *" (emphasis supplied)

The scope of rebuttal is left largely to the sound discretion of the trial court. *State v. Fischer,* 232 Or 558, 563, 376 P2d 418 (1962). Where the defendant defends against a charge of crime by denying his propensity to commit such a crime, thus putting propensity into issue, it is within the discretion of the trial court to allow the state to rebut by offering instances of the defendant's conduct which demonstrate such a propensity. *State v. Steward,* 9 Or App 35, 41, 496 P2d 40, *rev den* (1972). Evidence of the recently prior altercation was properly admitted in this case.

Affirmed.