Argued January 24, affirmed March 4, reconsideration denied
April 10, 1974, petition for review pending

STATE OF OREGON, *Respondent, v.*
SANTIAGO M. MANRIQUE (No. C 73-07-2205),
*Appellant.*

519 P2d 397

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant was convicted of criminal activity in drugs. ORS 167.207. The indictment charged him with "furnishing" heroin on or about May 13, 1973. In his sole assignment of error defendant challenges the admissibility of testimony that he had sold heroin on occasions other than that charged in the indictment.

Officer Petry testified that the charged transaction occurred at approximately 10:30 p.m. May 13, 1973 in front of the Jolly Time Tavern at the corner of 3rd and Couch Streets in Portland. Petry said defendant walked up to him and asked him for a cigarette. Petry said he had none and then:

> "* * * I asked him if he knew where I could get some stuff. He said he did, but he didn't have it on him. He wanted me to give him $12, that he would get it for me and come back. I gave him a $10 bill and two $1 bills.

> "He returned approximately five minutes later. He walked by me and, as he walked by me, put his hand in my pocket. He said, 'It's in your

pocket.' I reached in, found a bindle there. I examined it and found it to be what I believed was heroin."

The substance was identified in evidence as heroin.

Officer Erin Kelley took the stand and defense counsel objected to "any testimony from this witness concerning prior activities." This objection was overruled. Officer Kelley testified that on March 23, 1973 she was introduced to defendant by a third person who indicated that defendant could get her some heroin. At that time she purchased two "bindles" of heroin for $20. On March 30, 1973 she met defendant and discussed the possibility of purchasing one-half ounce of heroin and "he stated he would check and he would let me know * * *." At the same time she purchased two more bindles of heroin for $20. On April 2, 1973 Officer Kelley testified she again discussed the one-half ounce of heroin with the defendant:

"* * * He stated he was to see the man later that afternoon. He, then, showed me a, it was a glassine envelope, looked like there was approximately 40 tinfoil bindles inside, and he asked me if I was interested in any, and I said no. He proceeded to tell me how good they were and I believe, I stated that I might as well take one * * *."

Defendant then took the stand and denied ever seeing Officers Petry or Kelley or ever selling heroin to them or anyone else. On cross-examination the following exchange took place:

"Q Do you know a man by the name of Mr. Fasio?
"A I have heard of him.

"Q You ever sell Mr. Fasio any narcotics?
"A No, sir."

In rebuttal the state called Mr. Fasio who testified that

twice in April 1973 he had purchased heroin from the defendant at 3rd and Couch Streets.

Defendant challenges the admissibility of the testimony of Kelley and Fasio in one assignment of error. Different questions are presented.

■■ Officer Kelley's testimony was relevant in that it showed defendant was engaged in retailing heroin. It established defendant had the access to heroin that would be necessary for him to have committed the crime charged. The admissibility of the evidence of other crimes having relevance other than merely showing a general propensity to break the law depends on whether its relevance to the prosecution's case outweighs the inflammatory effect it would have on the jury's ability to rationally assess defendant's guilt or innocence. *State v. Lehmann*, 6 Or App 600, 488 P2d 1383 (1971). On this subject, McCormick says:

> "Such a balancing calls for a large measure of individual judgment about the relative gravity of imponderables. Accordingly, some opinions stress the element of discretion. It should be recognized, however, that this is not a discretion to depart from the principle that evidence of other crimes, having no substantial relevancy except to ground the inference that accused is a bad man and hence probably committed this crime, must be excluded. The leeway of discretion lies rather in the opposite direction, empowering the judge to exclude the other-crimes evidence, even when it has substantial independent relevancy, if in his judgment its probative value for this purpose is outweighed by the danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial. Discretion implies not only leeway but responsibility. A decision clearly wrong on this question of balancing

probative value against danger of prejudice will be corrected on appeal as an abuse of discretion." (Footnotes omitted.) McCormick, Evidence 447, 453-54, § 190 (hornbook series, 2d ed 1972).

In this case we feel that the possible inflammatory effect on the jury was more than balanced by the relevance of this evidence.[1]

■ The testimony of Fasio presents a different question. On direct examination defendant testified he had never sold heroin to anyone. Fasio testified in rebuttal of this assertion, assertedly for the purpose of impeachment. No instruction was requested or given limiting the purpose for which the jury could consider this testimony. If one had been requested, it would have been error not to give it, but in absence of a request, failure to give is not considered error. *State v. Gillis,* 154 Or 232, 240, 59 P2d 679 (1936).

■ On the issue of impeachment the evidence was admissible. If presented in the state's case-in-chief, we would have grave doubts about its admissibility

---

[1] In State v. O'Brien, 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *affirmed* 262 Or 30, 496 P2d 191 (1972), we held that evidence of another narcotic sale was admissible to show motive, design or purpose for the crime charged. In Robinson v. United States, 366 F2d 575 (10th Cir 1966), *cert denied* 385 US 1009 (1967), defendant was charged with illegal drug sales in November and December 1964. Evidence was received of other narcotic sales by defendant on October 3 and 17, 1964. The court held that a recognized exception to the general rule

"* * * is that evidence of other crimes * * * is admissible if such evidence tends to establish a common scheme, system, plan or design * * * all * * * were crimes of a similar nature, that is, crimes involving traffic in illegal drugs. * * * [It] did tend to establish a common scheme * * * and was related to the crimes charged. It did give the jury additional evidence from which it could find intent * * * and ascertain the state of mind of the accused * * *." 366 F2d at 578.

because it was basically unnecessary, given the testimony of Officer Kelley. However, defendant's assertion in his direct testimony that he had never sold heroin to anyone, coupled with his testimony to the effect that he had heard of Mr. Fasio, made Fasio's testimony sufficiently relevant to warrant its admission. *Cf. Walder v. United States,* 347 US 62, 74 S Ct 354, 98 L Ed 503 (1954); *United States v. White,* 463 F2d 18 (9th Cir), *cert denied* 409 US 1024 (1972); *State v. Segura,* 16 Or App 373, 519 P2d 100 (1974).

Affirmed.