Argued January 6, remanded for new trial January 30, 1975

STATE OF OREGON, *Respondent*, v.
SANTIAGO MARQUEZ MANRIQUE, *Petitioner*.

531 P2d 239

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

TONGUE, J.

Defendant was convicted of criminal activity in drugs for the sale of heroin to an undercover police officer in Portland, in violation of ORS 167.207. He appealed on the ground that the trial court erred in permitting the state to introduce evidence of prior sales of heroin.

The state offered the testimony of an undercover police officer that on May 13, 1973, he came in contact with defendant and inquired whether defendant knew where he could get some "stuff"; that defendant said that he did and asked for $12, which was paid to him; that defendant left for about five minutes and then returned, walked by the officer and put in his coat pocket the "stuff," later identified as heroin.

The state then, over defendant's objection, offered the testimony of another undercover officer that on the previous March 23, March 30 and April 2, in the same area, she had made three purchases of heroin from defendant.

The testimony of these previous purchases was admitted by the trial court upon the ground that it was relevant to show "identity" and "lack of entrapment." The Court of Appeals affirmed the conviction, holding that such testimony was relevant "in that it showed defendant was engaged in retailing heroin" and because it "established defendant had the access to heroin that would be necessary for him to have com-

mitted the crime charged." 16 Or App 538, 541, 519 P2d 397 (1974). We hold that both the trial court and the Court of Appeals erred.

■ The Court of Appeals recognized, and correctly, that the basic problem in cases involving the admissibility of evidence of other crimes is one of balancing the probative value of such evidence against the danger of prejudice to the defendant. The decision by that court, however, would appear to leave the "balancing" of these considerations to the discretion of the trial judge in each case, subject to reversal only if "clearly wrong."

In considering the validity of this reasoning it is necessary to consider also the reasons for the general rule excluding evidence of other crimes, as well as the reasons for the exceptions to that rule.

■■ The fundamental rule of evidence is that in order to be admissible evidence must be relevant, i.e., have some probative value to prove some issue in a case, and that all relevant evidence is admissible unless it falls within one of the so-called "exclusionary" rules of evidence. See *Trook v. Sagert,* 171 Or.680, 688, 138 P2d 900 (1943), and *State v. Kristich,* 226 Or 240, 244, 359 P2d 1106 (1961). It is equally well established that evidence may be rejected, although relevant, if its probative value is outweighed by various other considerations, including the danger of prejudice. McCormick on Evidence 438-39, § 185 (2d ed 1972). See also *State v. Zimmerlee,* 261 Or 49, 54, 492 P2d 795 (1972), and *State v. Harrison,* 253 Or 489, 491, 455 P2d 613 (1969).

■ For this reason it is the general rule in criminal cases that the state may not offer evidence that

the defendant was guilty of other crimes in addition to the crime for which he is charged. Although evidence that a defendant has committed other crimes may have some probative value in that it may be "more likely" that such a person committed the crime in question, it is generally recognized that the danger of unfair prejudice to the defendant outweighs any such probative value. See McCormick on Evidence, *supra* at 447, § 190. This is consistent with the general rule that evidence of other similar acts or transactions, including other acts of negligence, other contracts and other fraudulent representations, is not admissible to prove that on a subsequent occasion the same person engaged in a similar act or transaction. See McCormick, *supra* at 473, 469 and 468, §§ 200, 198 and 197.

An additional reason sometimes given for application of the rule in criminal cases is that a person accused of crime has the constitutional right to be informed of the nature of the charge against him and to be held to answer only the crime named in the indictment. *State v. Willson,* 113 Or 450, 498, 230 P 810, 233 P 259 (1925). See also Underhill's Criminal Evidence 596, § 205 (6th ed 1973).

Nevertheless, the general rule that evidence of other crimes is inadmissible in a criminal case is subject to various exceptions. The courts and the text authorities are not in agreement in listing and defining these exceptions. See *State v. Willson, supra* at 465; McCormick, *supra,* 448, § 190; and 2 Wigmore on Evidence 191-299, §§ 300-370 (3d ed 1940). See also Lacy, Admissibility of Crimes Not Charged in the Indictment, 31 Or L Rev 267 (1952).

Most, if not all, of the exceptions are based

implicitly upon the idea that evidence of other crimes may be relevant for some purpose other than to show the probability that the defendant committed the crime for which he is being tried because he had also committed other crimes. See McCormick, *supra* at 447, § 190. Thus, these exceptions involve cases in which the courts recognize, in effect, that the probative value of such evidence when offered for such a purpose, outweighs the danger of prejudice to the defendant.

■ In this case, the state's attorney offered the evidence of prior sales of heroin under the exception recognized by the courts in cases in which evidence of other crimes may be relevant to prove the identity of the defendant as the person who committed the crime on trial, where his identification is an issue in the case. The trial court agreed, holding that the evidence was admissible "to show identity."①

The identity of the defendant was contested and was one of the issues to be decided by the jury. The question remains, however, whether this evidence was properly admitted on that ground.

■ We have held that the exception under which evidence of other crimes may be offered to show "identity" is limited to cases in which the crime on trial was committed "by the use of a novel means or in a particular manner," so as to provide a proper basis for the inference that the person who committed the other crime was the same person who committed the crime for which he is being tried. *State v. Howell,*

---

① The trial court also stated that the evidence of the prior sales was admissible to show "lack of entrapment." In this case, however, no contention of "entrapment" was made by the defendant. As a result, this evidence was not admissible for that purpose.

237 Or 382, 386, 388 P2d 282 (1964), quoting from *State v. O'Donnell*, 36 Or 222, 226, 61 P 892 (1900). To the same effect, see *State v. Willson, supra* at 464; Underhill, *supra* at 637, § 210; and 1 Wharton's Criminal Evidence 514, § 235 (1955).

■ In this case the crime on trial was not committed by the use of any "novel means" or in any "particular manner," unless it be said that the covert deposit of the heroin in the pocket of the undercover agent satisfied that requirement. There was no evidence, however, that the previous sales were made by that means or in that manner. As also stated by McCormick, *supra* at 451, § 190, "a need to prove identity is not ordinarily of itself a ticket of admission," although the evidence may qualify under some other exception, such as that commonly referred to as the exception permitting evidence showing a "novel means" or "modus operandi" by which a crime was committed.

■ That exception, however, is also applicable only when the "modus operandi" of the other crimes and the crime in question were so nearly identical in method as to "earmark them as the handiwork of the accused," so as to identify him as the person who committed the crimes, but "much more is demanded than the mere repeated commission of crimes of the same class." *State v. Zimmerlee, supra* at 52, 53, quoting McCormick on Evidence 449, § 190 (1954). See also *State v. Willson, supra* at 466, and 2 Wigmore, *supra* at 202, § 304.

■ In *Zimmerlee* these same requirements were also held (261 Or at 52) to apply to evidence of other crimes when offered to show a "common scheme or plan"—another recognized exception, and one held applicable by some courts as a basis for the admission

of evidence of other sales of narcotics in cases such as this.[2] In *Zimmerlee,* this court also (261 Or at 53) went on to quote from 2 Wigmore, *supra* at 202, § 304, to the effect that in order to qualify under that exception there must also be "such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations."

Again, the evidence in this case does not satisfy these requirements. As stated in 1 Wharton, *supra* at 537:

> "* * * It is not enough to show that the person on trial committed one or more other crimes of the same general nature in the vicinity of the place where he is charged with committing the crime for which he is on trial, and that he committed such other crime or crimes at approximately the same time."

Because of its apparent recognition that none of the established exceptions were applicable in this case the Court of Appeals undertook to consider whether the admission of the evidence of the prior sales of heroin in this case could be sustained on some other basis as an exception to the general rule that evidence of other crimes is inadmissible in a criminal case. In doing so that court undertook to apply to the facts of this case the fundamental approach of balancing the probative value of the evidence in question

---

[2] See, e.g., Robinson v. United States, 366 F2d 575, 579 (10th Cir 1966), cited by the Court of Appeals (16 Or App at 542 n.1). See also State v. Aragon, 82 NM 66, 475 P2d 460, 462 (1970), and State v. Hennings, 3 Wash App 483, 475 P2d 926, 929 (1970).

But see, to the contrary, State v. Little, 87 Ariz 295, 350 P2d 756, 761 (1960). See also People v. Sykes, 273 P2d 588, 592 (Cal App 1954).

See generally, Annot., 93 ALR2d 1097 (1964).

against the danger of prejudice to the defendant (16 Or App at 541-42).

In *United States v. Goodwin*, 492 F2d 1141, 1155 (5th Cir 1974), it was stated:

> "That courts must guard against improper incursions on the general rule against admitting other-crimes evidence is so critically important, of course, not because such evidence has no probative value, but for the very reason that such evidence may have very substantial strength—not cognizable in law—in establishing a defendant's identity in the minds of the jurors. This Court has never hesitated to approve the admission of other-crimes evidence when that evidence has been relevant under one of the exceptions to the general rule. We have recognized, however, and we must continue to recognize, that the various categories of exceptions —intent, design or plan, identity, etc.—are not magic passwords whose mere incantation will open wide the courtroom doors to whatever evidence may be offered in their names. * * *"

Nevertheless, we do not regard the presently recognized exceptions as inflexible or "engraved in stone," any more than the various exceptions to the hearsay rule, provided that the underlying reasons for the general rule and for exceptions to that rule are recognized and applied. *Cf. State v. Derryberry*, 270 Or 482, 528 P2d 1034 (1974), and *Timber Access Ind. v. U.S. Plywood*, 263 Or 509, 515-23, 503 P2d 482 (1972).

We believe, however, that this problem is of such importance to both the state and to the defendants in criminal cases so as to demand a more definite rule and one conducive to uniformity in rulings by trial courts than would be likely to follow from the adoption of the rule advocated by the Court of Ap-

peals, to the effect that the admissibility of evidence of other crimes, including the balancing of probative value against danger of prejudice, is a matter to be left to the discretion of the trial court in each case, subject only to reversal where "clearly wrong."[9]

As stated in 2 Wigmore, *supra* at 200-01, § 302, in discussing this problem:

> "* * * Some judges incline to treat the judicial test of probative value as identical with the common-sense test, and to admit such instances as bear a similarity liberally interpreted by the standard of every-day reasoning. Other judges set their faces firmly against every instance which is not on all fours with the offence in issue, regardless of the consideration that justice consists quite as much in protecting the public against evil doers as in showing mercy to those whose guilt has been more or less skilfully concealed. * * *"

At the same time, we must recognize, as also pointed out by 2 Wigmore, *supra* at 201, § 302, that in discussing this problem we are "dealing with a flexible principle," and one not suitable for the imposition of rigid rules.

The question now presented for decision, however, is whether, under facts such as those presented in this case, the Court of Appeals was correct in holding that the evidence that defendant had sold heroin on three previous occasions was admissible upon the ground that such evidence was relevant to show that "defendant was engaged in retailing heroin" and that he had "access to heroin."

"Access to heroin" is not an issue in a criminal prosecution for the sale of heroin. It would provide,

---

[9] In adopting this rule the Court of Appeals quoted (16 Or App at 541-42) from McCormick on Evidence 453-54, § 190 (2d ed 1972).

at best, a weak circumstantial link from which a jury could be called upon to infer "access" from prior sales, and then infer possession from "access" and sale from possession. Instead, it is far more likely that the jury would find defendant to be guilty based upon its instinctive feeling that because he had made three previous sales of heroin he must have also made the sale for which he was charged. Yet that very danger is the reason for the general rule excluding evidence of other criminal acts.

The same is true of the fact that defendant "was engaged in the sale of heroin," as shown by evidence of three previous sales. If the evidence of the previous sales had been such as to satisfy the requirements for the admission of evidence showing a "common scheme or plan," the evidence would have been admissible on that ground. In our view, however, the probative weight of the evidence of three sales of drugs more than one month before to a different person, and without other identifying characteristics, is outweighed by the danger of prejudice from the likelihood, again, that the jury would simply infer that because defendant made three previous sales of heroin he was a "bad man" and thus was also guilty of the subsequent sale, as charged.

As stated in *United States v. Crawford,* 438 F2d 441, 446 (8th Cir 1971):

"* * * In today's society, possibly no act is more abhorred than the selling of narcotics. And nothing makes it more difficult for a defendant to receive a fair and unbiased trial than for the jury to think that the defendant or his acquaintances are men of bad character. * * *"

For all of these reasons, we hold that both the trial court and the Court of Appeals were in error in

holding that the evidence of the three previous sales of heroin was admissible in this case.

We agree, however, with the further ruling by the trial court and Court of Appeals that after defendant had taken the stand and in the course of his direct examination had denied making any sales of heroin it was then proper, for the purpose of impeaching the credibility of this testimony, for the state, in rebuttal, to offer the testimony of a third officer that defendant had also made two sales of drugs to him. See *State v. Rush,* 248 Or 568, 570-71, 436 P2d 266 (1968), and cases cited therein. See also *State v. McLean,* 255 Or 464, 470, 468 P2d 521 (1970).

Finally, it is contended by the state that because the testimony of other sales to the third officer was admissible in the state's rebuttal case, it must follow that the admission of the other sales to the second officer, even if not properly admissible in the state's opening case, was "harmless error." It is doubtful, however, whether defendant would have undertaken to deny the making of any sales of drugs but for the improper admission of evidence in the state's opening case of the previous sales by the defendant. Had he not done so in the course of his direct examination, it would have been improper for the state, on cross-examination, to inquire whether defendant had made any other sales of drugs for which he had not been convicted for the purpose of impeaching his denial of that fact by evidence of such sales on rebuttal.[4] See *State v. Rush, supra* at 569-70.

For the reasons previously stated, this case must be remanded for a new trial.

---

[4] For discussion of impeachment by conviction of a crime, see ORS 45.600, and Marshall v. Martinson, 268 Or 46, 518 P2d 1312 (1974).