Argued July 20, affirmed August 23, reconsideration denied October 20, petition for review allowed December 7, 1976
See later issue of Oregon Reports

STATE OF OREGON, *Respondent,*
*v.*
HENRY JERREL JOHNSON, *Appellant.*
(No. C 75-10-3328 Cr, CA 5782)
553 P2d 1078

*Richard S. Mannis,* Portland, argued the cause and filed the briefs for appellant.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Defendant appeals from conviction and sentence for criminal activity in drugs, ORS 167.207, assigning as error the trial court's ruling that the state could (and did) introduce rebuttal evidence to testimony defendant gave in cross-examination. Other errors are also asserted which do not merit reversal and need not be discussed in this opinion.

Defendant took the witness stand in his own defense. The fourth question asked him on direct examination was whether he had previously been convicted of crimes. He testified:

> "Nineteen seventy-one for larceny, a building; 1970, non-sufficient fund checks; and 1975 for criminal activity in drugs."

The balance of his direct testimony about the charged crime was brief statements that were sharply inconsistent with the state's case-in-chief. On cross-examination of defendant the following transpired:

> "BY MS. STAHANCYK [prosecutor]:
>
> "Q   Mr. Johnson, are you a drug dealer?
>
> "MR. TORAN [defense counsel]:
>
> Objection.
>
> "THE WITNESS: No.
>
> "MR. TORAN: I will strike that.
>
> "BY MS. STAHANCYK:
>
> "Q   You have never dealt in drugs?
>
> "A   No."

It is clear that defense counsel's statement, "I will strike that," was a withdrawal of his objection at the point when he heard his client's negative answer. The reason why this is clear on the record is that at different places in the transcript, while a mistrial motion was being argued *in camera,* defense counsel and the court said:

> "MR. TORAN [defense counsel]: No, it wasn't objected to then. It's in, though; the question and answer is in. Rebuttal of it is not permissible under the authority I am about to cite * * *."

[ 567 ]

And

> "* * * [It] was on an irrelevant matter to the issues in this case. Can we agree on that?
>
> "THE COURT: I couldn't."

And

> "MR. TORAN: * * * [T]hat's my point: I did not object to the question * * * if I would have * * * [would] the Court * * * have sustained the objection?
>
> "THE COURT: I suppose I may have. I don't know."

On state's rebuttal an officer was called who testified that on an occasion about one year previously he had a conversation with defendant, whom he apparently had contacted about drug dealings, in which defendant said to the officer, " 'What are you fooling around with me for? There's at least two other dope dealers [in Portland] bigger than I am.' " It is this testimony of a prior inconsistent statement received in evidence upon which defendant seeks reversal.

■ Defendant contends that the prosecution's cross-examination questions were on an irrelevant—a collateral—issue and the answers received were conclusive on the prosecution, citing 7 Encyc on Evidence 81-82, Impeachment of Witnesses (1905), and *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975).

■ The rule related in the first citation concerns itself entirely with testimony elicited about substantive irrelevant matters. There are several reasons why the subject of the cross-examination testimony rebutted at bar avoided the subject of substantive relevance. One reason is that defendant had testified on direct examination that he had been convicted of three crimes, one of them criminal activity in drugs, which includes dealing in drugs. This testimony was not objected to by the prosecution, although we have at least three times held that such impeachment of himself by a defendant is objectionable: *State v. Howard,* 6 Or App 230, 233, 486 P2d 1301, Sup Ct *review denied* (1971); *State v. Hamilton,* 4 Or App 214, 218, 476 P2d 207 (1970), Sup Ct *review denied* (1971); *State v. Miller,* 1 Or App 460,

465, 460 P2d 874 (1969), Sup Ct *review denied* (1970). Defendant opened the subject; he cannot complain that the prosecution pursued it.

The defense strategy apparently was not to object to the initial "dealing" testimony, taking advantage of the opportunity for denial, but then objecting strenuously and seeking to eliminate rebuttal. Defendant cannot have both sides of the matter to his advantage. The defendant relies on a part of *State v. Manrique, supra,* which relates to introduction of evidence of other crimes as substantive evidence by the prosecution in its case-in-chief. That obviously is not in point at bar. The part of *Manrique* which is in point is:

"* * * [A]fter defendant had taken the stand and in the course of his direct examination had denied making any sales of heroin it was then proper, for the purpose of impeaching the credibility of this testimony, for the state, in rebuttal, to offer the testimony of a third officer that defendant had also made two sales of drugs to him. *See State v. Rush,* 248 Or 568, 570-71, 436 P2d 266 (1968), and cases cited therein. *See also State v. McLean,* 255 Or 464, 470, 468 P2d 521 (1970)." 271 Or at 213.

Affirmed.