# STATE OF OREGON, *Respondent,*
## *v.*
# HENRY JERREL JOHNSON, *Petitioner.*
## (No. C 75-10-3328 Cr., CA 5782, SC 24801)
### 559 P2d 496

Richard S. Mannis, Portland, argued the cause and filed briefs for petitioner.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Denecke, Chief Justice, and Holman, Howell,** Lent, Linde, Mengler, and Bradshaw, Justices.

HOLMAN, J.

---

**Howell, J., did not participate in the decision of this case.

## HOLMAN, J.

Defendant was convicted of criminal activities in drugs. His conviction was affirmed by the Court of Appeals, 26 Or App 565, 553 P2d 1078 (1976). This court granted review.

Defendant took the stand in his defense. On direct examination he was asked to recite his prior criminal convictions. He listed convictions for (1) larceny, (2) writing insufficient fund checks, and (3) criminal activity in drugs. Thereafter, on cross-examination by the district attorney, the following transpired:

"BY MS. STAHANCYK [Prosecutor]:
"Q   Mr. Johnson, are you a drug dealer?
        "MR. TORAN [Defense Counsel]: Objection.
        "THE WITNESS: No.
        "MR. TORAN: I will strike that.
"BY MS. STAHANCYK:
"Q   You have never dealt in drugs?
"A   No."

To rebut these denials of defendant, the state called a police officer who testified that, at a time prior to the facts presently in issue, defendant had said to him, "Why are you fooling around with me? There's at least two other dope dealers in Portland bigger than I am." Defendant both objected to the testimony and moved for a mistrial. His objection was overruled and his motion was denied.

Defendant contends it is a collateral matter whether he had dealt in drugs at any time prior to the occurrence which was the subject of the present charge and that he cannot be impeached upon such collateral matter since it was brought out for the first time during cross-examination. The state, on the other hand, contends that the issue was raised by defendant in his direct examination when he testified he had been previously convicted of the crime of criminal activity in drugs, and that cross-examination and rebuttal evidence on the subject were therefore proper.

[ 47 ]

Defendant's previous conviction of criminal activity in drugs was relevant to impeach defendant's credibility. The state could have introduced the evidence of defendant's conviction if defendant had not. The fact that it did not first do so does not give it cause to enlarge its area of examination concerning defendant's conviction. Had it put the previous conviction in evidence, it could not have inquired into the details of the conviction other than the name of the crime and the date and place of conviction. ORS 45.600; *State v. Rollo,* 221 Or 428, 437, 351 P2d 422 (1960); *Mannix v. Portland Telegram,* 144 Or 172, 191, 23 P2d 138, 90 ALR 55 (1933); *State v. Gilbert,* 138 Or 291, 294, 4 P2d 923 (1932). The test of whether a fact inquired of during cross-examination is collateral is whether the cross-examining party would have been entitled to prove it as a part of and tending to establish its case. *Smith v. White,* 231 Or 425, 434-35, 372 P2d 483 (1962); *Houser v. Heider et al,* 221 Or 7, 24, 350 P2d 422 (1960). The details of the prior conviction, not being admissible as part of the state's case, were collateral. In addition, there is nothing to indicate that the conversation related by the police officer had anything to do with defendant's prior conviction. The conversation merely amounted to an apparent admission that at some time and place defendant had been guilty of misconduct.

Neither is the testimony otherwise admissible as rebuttal of defendant's statements upon cross-examination. McCormick on Evidence 99, § 47 (2d ed 1972) has the following, relevant statement concerning proof of previous acts of misconduct for which there was no conviction:

> "The second kind of facts meeting the above mentioned test for facts that are not collateral includes facts which would be independently provable by extrinsic evidence, apart from the contradiction, to impeach or disqualify the witness. Among these are facts showing bias, interest, conviction of crime, and want of capacity or opportunity for knowledge. *Facts showing misconduct*

*of the witness (for which no conviction has been had) are not within this second kind of facts, but are collateral, and if denied on cross-examination cannot be proved to contradict.*" (Emphasis ours; footnotes omitted.)

Nor is the testimony admissible on any other basis. In *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975), a defendant was charged with selling heroin to an undercover policeman. The state introduced evidence of other heroin sales by the defendant to another undercover officer. The state contended that evidence as to these other sales was admissible because it demonstrated that the defendant had "access to heroin" and that he "was engaged in retailing heroin." 271 Or at 204. This court rejected the evidence as to the other heroin sales, noting that "access to heroin" or being engaged in heroin trafficking was not in issue. The evidence lacked sufficient probative value and was collateral. 271 Or at 211-12. The evidence in the present case is not sufficiently probative for the same reasons set forth in *Manrique.*

■ There is no doubt that the improper evidence was prejudicial. Nothing could have been more harmful than evidence of an admission that at some time defendant had been a drug dealer. It is obvious that the questions were asked on cross-examination for the sole purpose of making a hook on which to hang the legally irrelevant evidence of the police officer's conversation with defendant. Such trial tactics upon the part of the state are to be discouraged.

The judgment of the trial court is reversed and the case is remanded for a new trial.