Argued June 28, affirmed August 22, 1977

STATE OF OREGON, *Respondent,*
*v.*
DARRELL LEE TUCKER, *Appellant.*
(No. 76-0719, CA 7067)

567 P2d 1089

Kenneth A. Morrow, Eugene, argued the cause for appellant. With him on the brief was Morrow & McCrea, P.C., Eugene.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

[ 765 ]

Before Schwab, Chief Judge, Thornton, Judge, and Fort, Senior Judge.

FORT, S. J.

**FORT, S. J.**

Defendant was indicted for first-degree theft (ORS 164.055), convicted by a jury and sentenced to three years' probation. He appeals, asserting a number of errors. Four of the assignments, and the ones upon which he most heavily relies, raise the same problem, namely the admission of evidence of other crimes not committed as a part of the offense charged. He places primary reliance on *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *State v. Zimmerlee,* 261 Or 49, 492 P2d 795 (1972); *State v. Harrison,* 253 Or 489, 455 P2d 613 (1969); and *State of Oregon v. Long,* 195 Or 81, 244 P2d 1033 (1952). *See also State v. Johnson,* 277 Or 45, 559 P2d 496 (1977).

Essentially this case was based upon the state's theory that the defendant defrauded his car insurance company by claiming that his 1974 Oldsmobile Cutlass was stolen, filing a claim with the company and accepting the company's draft for $4250 in settlement of his claim, when in fact, as he well knew, the car had never been stolen, but, instead, he had stripped the car, sold its principal components, and disposed of the thusly junked remnant where it could not be located and identified. There was substantial evidence to support this theory.

There was no denial that the defendant had reported the car stolen, filed a claim with his insurance company for its value and accepted from the company's agent its draft on its own bank payable to his order for the amount charged. He was arrested, however, before the draft was or could have been presented by him for payment.

An essential element of the crime charged here was the intention of the defendant to defraud and thus that at the time he filed his claim with the insurance company and at the time he reported the car stolen to the police he knew in fact that it had not been stolen. As is not uncommon in efforts to establish a guilty

state of mind, the state relied on circumstantial evidence, *State v. Ryan,* 47 Or 338, 344, 82 P 703, 1 LRA (ns) 862 (1905), much of which was in the form of similar offenses involving theft of cars, dismantling and disposing of parts and the making of false claims for theft insurance.

In *Manrique* (unrelated sales of heroin), *Zimmerlee,* (unrelated armed robberies), and *Harrison* (probable error admitted by state in an armed robbery case by receipt into evidence of a gun found on defendant, an ex-convict, at a later time, which was not connected with and in fact affirmatively shown by the state to be different from the gun used in the crime charged), no such problem was presented.

In its brief the state asserts: "The state introduced evidence of other crimes to show a common scheme, plan, or conspiracy." In *State of Oregon v. Long, supra* at 116, our Supreme Court said:

> "In the majority of cases in which evidence of other crimes has been received to show motive, design or purpose, the collateral crimes were committed before the crime for which the defendant was being tried, but the real question is not whether the collateral crimes occur before or after the crime charged. The question is whether the collateral crimes tend to show motive, design or purpose for the crime charged. For this purpose, retrospective evidence may be as pertinent as prospective."

In *Manrique* the court said:

> "The same is true of the fact that defendant 'was engaged in the sale of heroin,' as shown by evidence of three previous sales. *If the evidence of the previous sales had been such as to satisfy the requirements for the admission of evidence showing a 'common scheme or plan,' the evidence would have been admissible on that ground * * *.*" 271 Or at 212. (Emphasis supplied.)

In *State v. Holmes,* 22 Or App 23, 25, 537 P2d 566, Sup Ct *review denied* (1975), we said:

> "The general rule is that the state may not offer evidence that the defendant committed crimes other

than that for which he is charged, *State v. Fleischman,* 10 Or App 22, 495 P2d 277, Sup Ct *review denied* (1972). Exceptions to the rule are recognized, however, when (a) such evidence is independently relevant to prove motive, intent, absence of mistake or accident, common scheme or plan, identity of the defendant, or any other relevant fact pertaining to the offense for which he is charged, and, in addition, (b) the probative value of such evidence outweighs the prejudice to defendant in introducing the 'other crimes' evidence * * *."

We then discussed at some length the application of these rules in the light of *Manrique.* We will not repeat that here. In *State v. Mathews,* 22 Or App 128, 538 P2d 370 (1975), we considered a case having much in common with the case at bar, stating:

"Defendant was convicted of possession of a stolen motor vehicle, ORS 481.990, and appeals, assigning as error (1) the introduction at the trial of evidence of other crimes, * * *

"In addition to evidence of the crime charged, evidence was admitted, over objection, of other instances, occurring at about the same time, of defendant's possession of and dealings in stolen automobile parts and stolen tools. The state urges its admission was proper for the purpose of showing his modus operandi and general scheme as well as showing that he knowingly possessed a stolen vehicle. The defendant claimed to operate a repair and assembly garage for four-wheel-drive vehicles. The evidence objected to tended to show that defendant was in the business of receiving auto parts and auto bodies which he knew to be stolen, reassembling them, obtaining spurious motor vehicle registrations, and then selling them as reassembled four-wheel-drive vehicles.

"The state may not introduce evidence of other criminal acts merely to blacken defendant's character and to make it seem more likely that he would commit a crime. Evidence of modus operandi and general scheme is admissible when involving evidence of other crimes only if sufficiently distinctive. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). *Here, however, a key issue was the guilty knowledge of the defendant. In such a case, even though it involves evidence of other crimes,* where the possession of other stolen goods is under circum-

stances *which form the basis for a sound inference of guilty knowledge of the defendant in the transaction under inquiry, evidence of those facts is admissible. State v. Goldstein,* 111 Or 221, 226, 224 P 1087 (1924); McCormick, Evidence 450, § 190 (hornbook series, 2d ed 1972); II Wigmore, Evidence 192, § 300 (3d ed 1940). *See also State v. Manrique,* supra; *State v. Holmes,* 22 Or App 23, 537 P2d 566, Sup Ct *review denied* (1975). Here a sound inference of guilty knowledge arose from the possession of the other stolen goods and the evidence was properly admitted as tending to prove that knowledge." 22 Or App at 129-30.

From our examination of the lengthy record we think that evidence of the other crimes admitted here was consistent with the rule announced in *Matthews* and the authorities above referred to and thus was proper. We think 'the probative value' of that evidence here outweighed its prejudicial effect to the defendant.

■ During the trial the state called a qualified expert witness and over proper objection allowed him to testify concerning the modus operandi commonly used by those engaged in attempting to defraud an insurance company with whom car theft insurance on the vehicle was carried. In *State v. Woods,* 6 Or App 311, 487 P2d 666, Sup Ct *review denied* (1971), we discussed at length the rules governing in a criminal case the admissibility of such expert evidence. We adhere to that decision and note that the challenged testimony here was properly admitted thereunder. The objection was correctly overruled. The remaining assignments are without merit.

Affirmed.