## STATE OF OREGON, *Respondent,*
### *v.*
## JOHN LEE MULVIHILL, *Appellant.*
### (No. 8960, No. 9929, CA 9766)
### (Consolidated cases)
582 P2d 43

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Kathleen Dahlin, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

In these two consolidated appeals, defendant challenges his jury conviction for Arson in the Second Degree, ORS 164.315[1] and the subsequent revocation of his probation on an earlier charge. We affirm.

■ Defendant first assigns as error the trial court's refusal to allow defendant's counsel to later exercise a peremptory challenge after failing to exercise the challenge in a timely manner. Permitting a defendant to exercise a peremptory challenge in an untimely manner is permitted but not required by ORS 136.240.[2] The question is directed to the trial court's discretion. We find no abuse of that discretion here.

Defendant next assigns as error the admission of testimony tending to show that sometime soon after setting the fire which is the gravamen of this case, defendant had damaged his father's automobile after an argument. This, defendant maintains, is an attempt to blacken his character with other bad acts not related to the crime charged. *See State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *State v. Kelley,* 29 Or App 321, 563 P2d 749 (1977).

■ Assuming (without deciding) that the evidence was inadmissible, we think the evidence of defendant's guilt of the principal charge was so great as to preclude the possibility of prejudice. Defendant was charged with burning a barn near his father's home. His own father testified that defendant told him on the evening of the fire that he (defendant) had set fire to a neighbor's barn and hoped it would burn to the ground.

---

[1] "(1) A person commits the crime of arson in the second degree if, by starting a fire or causing an explosion, he intentionally damages any building of another that is not protected property.

"(2) Arson in the second degree is a Class C felony."

[2] "If the peremptory challenges of the moving party are not already exhausted, the court may for good cause shown permit a challenge to be taken to any juror before the jury is completed and sworn, notwithstanding the juror challenged may have been theretofore accepted."

The father looked out the window of his house to see smoke coming from the barn and fire engines at the scene. Reversal is not justified. *See State v. Van Hooser,* 226 Or 19, 511 P2d 359 (1973).

3. Finally, defendant argues that in spite of his conviction for a new crime, the trial court should have continued his probation. To the contrary, the trial court was fully justified in concluding that the purposes of probation were no longer being served. *See Barker v. Ireland,* 238 Or 1, 392 P2d 769 (1964). *Cf. State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

Affirmed.