Argued and submitted August 22, reversed and remanded for a
new trial Novmeber 17, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANCES MERLE,
*Appellant.*

(No. DA 186613, CA 17114)

619 P2d 653

Howard R. Lonergan, Portland, argued the cause for
appellant. With him on the brief were Clint A. Lonergan
and Richard L. Lonergan, Portland.

Rudolph S. Westerband, Assistant Attorney General,
Salem, argued the cause for respondent. With him on the
brief were James M. Brown, Attorney General, John R.
McCulloch, Jr., Solicitor General, and William F. Gary,
Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

Defendant was convicted of prostitution, ORS 167.007,[1] following a jury trial. She appeals, contending, *inter alia,* that the trial court erred in permitting the undercover police officer to testify that he went to the Relax-Eena Spa in the Hilton Hotel, where defendant worked as a masseuse, because his office had received some complaints that some of the women who worked in the massage parlor were engaged in prostitution. We agree that it was error, and reverse and remand for a new trial.

This case is one of those where the state's case rests solely on the testimony of the police officer. There was no corroborating evidence; it was the officer's word against the word of the defendant. Accordingly, credibility of the two confronting witnesses is the vital issue. At the outset of the undercover officer's testimony, he testified generally that his duties were to investigate vice in the city of Portland. He was then asked for what purpose he went to the Spa where defendant worked. Defense counsel made a general objection, which the court overruled stating that it was not hearsay "to say the reason he went there." It is not clear whether defense counsel agreed[2] that his objection was on

---

[1] ORS 167.007 provides:

"(1) a person commits the crime of prostitution if:

"(a) He engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee; or

"(b) He pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact.

"* * * * *"

[2] The colloquy was as follows:

"District Attorney - For what purpose did you go to the location?

"Witness - Our office had received some, -

"Defense Counsel - I am going to object to that.

"Court - Overruled. Not hearsay to say the reason he went there.

"Defense Counsel - I think it is improper to let him bring in something else. I move for a mistrial on that.

"Court - Denied. The jury is going to hear the evidence in that case. The objection is that it is hearsay and in my opinion it is not so it may proceed.

"Witness - Our office had received some complaints regarding the Relax-Eena Spa which is located on the second floor of the hotel regarding some of the ladies in the massage parlor being involved in prostitution."

hearsay grounds, but he went on to state that it was improper "to let him bring in something else." He then moved for a mistrial. The court denied that motion, and went on to state that the jury was going to hear the evidence, that defendant's objection that it was hearsay was not well taken. The officer then proceeded to give the testimony in question here.

With respect to the crime charged, the officer testified that he paid for his massage, that while defendant was massaging him she offered sexual contact for $20 and agreed to engage in sexual intercourse for $60. Defendant, in her testimony, denied making any such offers.

There are several problems with the questioned testimony. First, it set the stage for the jury's depiction of defendant as working in a house of prostitution, thereby demeaning her character and credibility, and suggested the possibility that she had committed other crimes, including that of promoting prostitution. ORS 167.012.[3] Second, the testimony was not relevant to prove or disprove any issue involved in the case; it was only necessary to prove that the officer was there at the time in question. Third, even if we assume the testimony had some relevance, that relevance was marginal at best, and was greatly outweighed by the obvious prejudice resulting from the state's setting the stage for the witness confrontation by placing defendant in an establishment reported to be a house of prostitution.

---

[3] ORS 167.012 provides:

"(1) a person commits the crime of promoting prostitution if, with intent to promote prostitution, he knowingly:

"(a) Owns, controls, manages, supervises or otherwise maintains a place of prostitution or a prostitution enterprise; or

"(b) Induces or causes a person to engage in prostitution or to remain in a place of prostitution; or

"(c) Receives or agrees to receive money or other property, other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity; or

"(d) Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution.

"* * * * *"

The state contends that the admission of the testimony was not error because the officer did not testify to distinct crimes involving defendant or any other individual, but only testified to rumors. That argument seems to break down to the proposition that although specific evidence of other crimes or bad acts would not be admissible, *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975), mere rumors of such acts are. We are not aware of any exception to the hearsay rule permitting testimony of rumors of other bad acts.

The only meaningful function of the testimony was to suggest to the jury that defendant was employed as a masseuse in what was really a house of prostitution. After that testimony was admitted, the one-on-one confrontation between the officer and the defendant was unfairly tilted in favor of the officer.

The evidence was not admissible and it was prejudicial.

Reversed and remanded for a new trial.