Argued and submitted April 8, affirmed December 7, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# DANIEL EUGENE BENNETT,
*Appellant.*

## (No. 25477, CA 19131)
637 P2d 208

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant seeks reversal of his conviction of first degree rape. Trial was by jury. Defendant assigns as error the trial court's admission of testimony concerning admission that he had beaten his wife and the exclusion of evidence of prior sexual relations between complainant and defendant.

We state the facts in the light most favorable to the state. On the day in question defendant left work in the late afternoon and stopped off at several bars, drinking a total of four beers and four cocktails. At the last bar defendant met complainant's husband, who invited defendant to visit his home when he was in the neighborhood. Defendant then went to the home near Scappoose, was greeted by complainant in a friendly manner and sat down to watch television with her ten-year-old son. Defendant then made a telephone call to his wife, saying he was at a safety meeting and would be home soon. When defendant started to leave, complainant preceded him down a hall towards the back door. As they passed through a storeroom, he said he wanted to talk to her and grabbed her jeans, ripping the zipper. He then forced her to the floor and made penetration. She called out to her son, who brought her a stick with which she beat defendant about the mouth. Defendant then left the premises. Complainant reported the incident to police five days later. Defendant was questioned at the district attorney's office, where, after having being given *Miranda* warnings, he gave a statement to an investigator.

■ The admission in evidence of his statement to the investigator is the basis for defendant's first claim of error. The investigator testified that defendant said he could not recall being at complainant's home on that day. The investigator then continued:

> "I asked if he had any memory lapses in the past at any time, and he said, yes, when he was married to his first wife there were times when he had come home drunk and had beat her up and not remembered anything about it until she told him about it the next day. * * *"

Defendant objected to this testimony on the ground that the evidence lacked relevance, because he was not drunk at the time of the alleged rape. In light of his statements that

he had had eight alcoholic drinks and did not recall visiting complainant's home, his objection on the basis of relevancy was not well taken. On appeal he urges that the evidence should have been excluded, because its unfair prejudice to him outweighed any probative value it might have had. The trial court properly determined that the probative value outweighed the danger of prejudice to defendant. *State v. Manrique*, 271 Or 201, 531 P2d 239 (1975).

■ Defendant's other assignment of error, that the trial court should not have excluded his testimony of prior sexual relations between him and complainant, nine years prior to trial, is governed by ORS 163.475.[1] Defendant

---

[1] ORS 163.475 provides:

"(1) For the purposes of this section, 'complainant' means the alleged victim of the crime for which the defendant is prosecuted.

"(2) In a prosecution under ORS 163.355 to 163.425, evidence of the sexual character or sexual reputation of the complainant is not admissible for any purpose, and reference to the sexual character or sexual reputation of the complainant shall not be made in the presence of the jury.

"(3) Except as provided in subsection (4) of this section, in a prosecution under ORS 163.355 to 163.425, evidence of previous sexual conduct of a complainant is presumed to be irrelevant and shall not be admitted and reference to that conduct shall not be made in the presence of the jury. This presumption may be overcome.

"(4) If a defendant wishes to elicit evidence or testimony concerning previous sexual conduct of the complainant, the defendant must, prior to the offering of such evidence or making reference thereto, request a hearing to be held to determine whether the evidence will be admitted. The request for a hearing shall be made prior to the trial unless for good cause shown. Good cause shall be deemed to exist if the defendant shows that the evidence he wishes to offer was not reasonably available to him prior to trial. The court shall conduct a hearing out of the presence of the jury and the public and shall take such testimony and evidence as it deems necessary. If the court finds that the evidence or testimony sought by the defendant regarding the previous sexual conduct of complainant is relevant for the purpose offered and is not otherwise inadmissible, the court shall issue an order stating what evidence may be introduced by the defendant, and the nature of the questions permitted at trial.

"(5) Evidence of the complainant's previous sexual conduct that may be considered relevant includes, but is not limited to:

"(a) Evidence that relates to the motive or bias of the complainant; or

"(b) Evidence that is necessary to rebut or explain scientific or medical evidence offered by the state.

"(6) Nothing in this section shall limit the right of either the state or the defendant to impeach the credibility of a witness by proof of a prior conviction of a crime."

argues that his proffered evidence comes under exception (5)(a) of the statute.

It is defendant's contention that the complainant's motive for falsely accusing him of rape was to avoid a confrontation with her husband after she was observed by her son hugging and kissing defendant. Defendant's testimony on direct examination relating to hugging and kissing was that on his arrival complainant gave him a hug and a kiss, "Oh, like she always does. A kiss on the cheek and squeezed me," and that as he left, "Well, she hugged me and kissed me, and I left in my truck and I went home." He did not testify that complainant's son observed either of these incidents, and there is nothing in his testimony to indicate that the incidents were such that she should be in fear of her husband's learning of them.

The other evidence defendant relies on to support this theory of false accusation is that complainant did not report the incident for five days. Her unchallenged testimony, however, is that: (1) on June 28, 1979, the night of the alleged rape, she told her husband what had occurred (and that she did is confirmed by her husband's testimony); (2) on June 29, at her husband's suggestion, she talked with a woman who had been through a similar experience; (3) around midnight on July 1, she telephoned the rape hotline in Portland; and (4) on July 2, she telephoned a St. Helens number, given her in the Portland call, but found the number was no longer a rape hotline number, telephoned the Columbia District Hospital and discovered that they had no program for rape victims and telephoned the Scappoose Police Department. The next day, July 3, as a result of this last call, a representative of the Columbia County District Attorney's office called on her, and she then related what had happened.

Defendant's reliance on *State v. Lantz,* 44 Or App 695, 607 P2d 197 (1980), in which an alleged victim failed to report a rape for three days, is misplaced. In that case, the court upheld the admission of evidence that the alleged victim was a prostitute for the purpose of rebutting her explanation that she did not immediately report the incident because she was degraded by the act. In this case, defendant is not

offering evidence of prior sexual conduct of the victim to rebut her explanation of the delay in reporting the incident; nor is he offering it to prove consent of the victim, for defendant denies that he had intercourse with her at all. The proffered evidence would have gone only to complainant's purported motive for making a false accusation.

We conclude that there would have been no probative value in admitting evidence of prior sexual activity between defendant and victim. Therefore, it was properly excluded by the trial court.

Affirmed.